## UNITED STATES *v.* AMBROSE.

ON CERTIFICATE OF DIVISION OF OPINION FROM THE SOUTHERN DISTRICT OF OHIO.

Decided April 23d, 1883.

*Indictment—Jurisdiction—Perjury—Practice—Statutes.*

§ 5392 Rev. Stat. enacts that "every person who, having taken an oath before a competent . . . person in any case in which a law of the United States authorizes an oath to be administered . . . that any written . . . declaration, . . . or certificate by him subscribed is true, wilfully and contrary to such oath states or subscribes any material matter which he does not believe to be true, is guilty of perjury." . . On an indictment against a clerk of a circuit and district court for perjury in swearing before a district judge to his emolument returns, and an account for services rendered to the United States: *Held*;

1. That the words "declaration" and "certificate," as employed in this section of the Revised Statutes, are used in the ordinary and popular sense to signify any statement of material matters of fact sworn to and subscribed by the party charged.

2. That the returns and accounts set forth in the indictments were written declarations within the meaning of § 5392 Rev. Stat.

3. That the written statement and oath of the party together constitute the declaration or certificate of the statute, for the falsity of which a party is chargeable with perjury.

4. That the authority of the district judge to administer the oath not having been certified from below as a question of division, cannot be considered.

Indictment for perjury. The perjury charged in the first count was the taking an oath by Ambrose before the district judge for the Southern District of Ohio, that a certain written declaration by him subscribed was true; and the declaration as set out was a statement subscribed to an account against the United States, that the services charged in the account had been actually rendered. The indictment charged that they had not been rendered, and concluded with the usual allegations. The second count charged that the defendant had made a written return of fees and emoluments of his office, and had appeared before the district judge and taken and subscribed an oath, which is set forth at length, that the account is just and true. The count charged that the return was false, set forth in what

particulars it was so, and concluded with the usual allegations, averring that the paper so subscribed was a written declaration. The third count related to another return of fees and emoluments, and averred that the written oath subscribed to it was a written declaration.    The fourth count related to an account for services, and the perjury was charged as consisting in a false certificate subscribed to it and sworn to before the district judge.

At the trial in the court below, before Mr. Justice Swayne and Judge Baxter, the judges disagreed, and certified the questions which appear in the opinion of the court.

*Mr. Solicitor-General* for the United States.

*Mr. E. M. Johnson* for Ambrose.—I. To constitute a declaration or certificate, under the statute, the paper must be verified before a competent tribunal, officer or person.    Our first proposition is that the law of the United States did not vest in the district judge, as such, before whom these instruments were sworn, the authority to administer an oath, and therefore that these were unsworn papers, and could not constitute in law a declaration or certificate such as the statute contemplates.    The indictment charges that the affidavit was administered by the judge, not by the court.    There is no inherent authority in judges to administer oaths.    No statute of the United States confers this authority generally on any judge of the United States.    Section 725 contains the following language: " The said *courts* shall have power to impose and administer all necessary oaths."    But the oath here was not administered by the court.    The indictment does not so charge. It was administered by the judge out of court.    It is unnecessary for us to argue that the judge is not the court.—II. Our next proposition is that the instruments in question, in their essential character, are neither declarations nor certificates. The principle governing questions of construction of this character is the ordinary and familiar proposition that penal laws are to be construed strictly, to which this court gave its unqualified assent in *United States* v. *Wiltberger*, 5 Wheaton,

76, and *United States* v. *Reese*, 92 U. S. 214. The instruments in question cannot be both declaration and certificates. In form, they are neither declarations nor certificates. Neither the word "declare" nor "certify" was used. Those described in the second and third counts are affidavits to emolument returns. The others are the proofs, by affidavit, of accounts.

The counsel examined at length the various statutes of the United States making provision for verified "declarations," and for verified "certificates," and contended that the offence contemplated by § 5392 was the falsely subscribing the oath to such certificates or declarations.

MR. JUSTICE MILLER delivered the opinion of the court.

This case comes before us on a certificate of division of opinion between the judges holding the Circuit Court for the Southern District of Ohio.

The defendant, who was clerk of the circuit and district courts for that district, was indicted for perjury in swearing before the district judge to his emolument returns and an account for services rendered for the United States. The indictment consists of four counts framed under section 5392 of the Revised Statutes, namely :

"Every person who, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed is true, wilfully and contrary to such oath states or subscribes any material matter which he does not believe to be true, is guilty of perjury, and shall be punished by a fine of not more than two thousand dollars, and by imprisonment at hard labor not more than five years ; and shall moreover thereafter be incapable of giving testimony in any court of the United States until such time as the judgment against him is reversed."

In the first three counts of the indictment, after setting out the emolument returns, and their verification by oath of the defendant, the falsity of the accounts and the corrupt perjury

of the defendant in swearing to them, each count closed with this language :·

" And·so the grand· jurors aforesaid, on their oaths and affirmations aforesaid, present that he, the said Thomas Ambrose, having taken the said oath, before the said officer who was competent to administer the same, that said written declaration by him so subscribed as aforesaid was true, wilfully and contrary to said oath did then and there unlawfully subscribe said matters heretofore set forth, which were material and which he did not believe to be·true, contrary to the form of the statute in·such case· made and provided, and. against the peace and dignity of the United States of America."

A demurrer was filed to the whole indictment, on the ground relied on here, also that the paper.to the truth of which defendant swears, as it is set forth in the indictment, is neither a *declaration*, as it is charged to be in the first· three counts, nor a *certificate*, as charged in the last,·within the meaning of those words in section 5392. And in regard to this question, as it applies to each count, the judges of the court have sent us the following. certificate :

" Circuit Court of the United States, Southern District of Ohio.

The United States   ⎫
      *vs.*       ⎬ 1,472.   Indictment.
. Thomas Ambrose. ⎭

" This cause coming on to be heard before the Honorable Noah H. Swayne and Honorable John Baxter, judges of said court, sitting therein, upon the demurrer of defendant to the indictment, certain questions thereupon occurred on said hearing to be decided by the court, to wit :

" First. Whether the instrument set forth in the first count of indictment, and alleged therein to have been subscribed and, sworn to by the defendant, was a written declaration within the meaning of section 5392 of the Revised Statutes of the United States.

" Second. Whether the instrument set forth in the second count of the indictment, and alleged therein to have been subscribed and sworn to by the defendant, was a written declaration within

the meaning of section 5392 of the Revised Statutes of the United States.

"Third. Whether the instrument set forth in the third count of indictment, and alleged therein to have been subscribed and sworn to by the defendant, was a written declaration within the meaning of section 5392 of the Revised Statutes of the United States.

"Fourth. Whether the instrument set forth in the fourth count of the indictment, and alleged therein to have been subscribed and sworn to by the defendant, was a written certificate within the meaning of section 5392 of the Revised Statutes of the United States.

"Upon which said questions the judges aforesaid were divided in opinion.

"It is thereupon ordered that the said points of disagreement, stated as above, under the direction of said judges, be certified under the seal of the court to the Supreme Court of the United States at their next session."

We do not think the words *declaration* and *certificate*, as used in the section of the Revised Statutes on which this indictment is founded, are used as terms of art, or in any technical sense, but are used in the ordinary and popular sense to signify any statement of material matters of fact sworn to and subscribed by the party charged.

Indeed, the word declaration, as a word of art in the law, is generally used to signify the plea by which a plaintiff in a suit at law sets out his cause of action, as the word complaint is in the same sense the technical name of a bill in chancery.

The fact that in many acts of Congress cited by counsel that body has used the word to signify a statement in writing, whether sworn to or not, as the foundation in many cases of official action, or as preliminary to the assertion of rights by the party who makes the declaration, is far from proving that the use of the word in the act concerning perjury is limited to these cases. The inference is strong the other way, for the word is used in the cases cited in regard to so many and such diverse transactions, that it can, in view of them all, have no other meaning than what is attached to it in ordinary use.

And in all these instances it is equivalent to a statement of facts material to the matter in hand.

The paper or statement of the emolument account, the falsity of which is the foundation of the charge, is set out, and if in the charging clause of the indictment it is described by a word equally applicable to other instruments, no harm can come to defendant, since he is precisely informed as to the identical writing which is alleged to be false, and which he swore to be true. Nor can he be misled in any way, because what he says in that writing is, in the correct use of language, his sworn declaration on that subject.

But the perjury in all such cases consists in the oath by which the party indicted swears to the truth of some matter, and this oath may be said to be the false statement of the statute. Or, in another sense, it may be said that the written statement and the oath of the party that it is true, all constitute the *declaration* or *certificate* of the statute, for the falsity of which he is chargeable with perjury and liable to punishment. The previously prepared writing, his oath to its truth, or the whole taken together, is, in our opinion, a declaration of the party within the meaning of the statute, and may be so well described in the indictment.

We are quite satisfied that, as set forth in this indictment, these are material matters under the statute, and if defendant did not believe them to be true when he swore to and subscribed the statement that they were true, that he is guilty of perjury, as declared in section 5392, and we think the word declaration correctly defines such statement. The same rule of construction is applicable to the word certificate used in the statute.

It is attempted in argument to raise the question whether the judge of the district court had authority to administer the oath in which the perjury was committed.

But it is clear that no such question is certified to us by the judges of the circuit court, and we cannot consider it. *United States* v. *Briggs*, 5 How. 208; *Dennistoun* v. *Stewart*, 18 How. 565.

We answer all the questions submitted to us in the affirmative, and it will be so certified to the circuit court.