## CAVENDER *v.* CAVENDER.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE EASTERN DISTRICT OF MISSOURI.

Argued April 6, 1885.—Decided April 20, 1885.

An answer in Chancery, setting forth material facts which should have been stated in the bill, but were omitted, is a waiver of the right to object to the bill for cause of the omission.

Where the acts or omissions of a trustee show a want of reasonable fidelity to his trust, a court of equity will remove him.

A neglect by a trustee to invest moneys in his hands is a breach of trust, and is a ground for removal by a court of equity.

Robert S. Cavender, the appellee, was the plaintiff in the Circuit Court. He stated his case in the bill of complaint substantially as follows:

John Cavender, deceased, by his last will and testament, dated May 6, 1858, and proved in the Probate Court of the City—then County—of St. Louis and State of Missouri, February 4, 1862, made and constituted the defendant, John S. Cavender, executor of his estate, and, after payment of debts, as therein mentioned, bequeathed one-half of the remainder of

his estate to John S. Cavender aforesaid, as trustee, to hold the same in trust for the use and benefit of the plaintiff during the term of his natural life, and by said will directed him to invest the same in real or personal securities, and to pay over the rents, profits, issues, and incomes thereof to the plaintiff semi-annually, at the end of every half year, during his lifetime.

The Probate Court, by its order and decree made October 5, 1878, found in the hands of the defendant, as such executor, the sum of $17,169.49 belonging to the trust estate, and directed him to pay over the same to himself as trustee; and afterwards, on December 3, 1878, the defendant executed his bond as trustee, with sureties, in the penalty of $25,000, conditioned for the faithful execution of his trust. On April 22, 1879, John S. Cavender, trustee, filed in the Probate Court his written receipt, whereby he acknowledged that he had received from John S. Cavender, executor, the sum of $17,169.49, and thereupon prayed for his discharge as executor of the said estate, which, on the same day, the court granted.

The bill then averred that if the said sum of $17,169.49 had thereafter been properly invested by the trustee, as by the terms of the will it became his duty to invest the same, it would have fairly yielded an annual income of six per cent., which was, by the terms of the will, payable semi-annually.

It further alleged that, by the obligations assumed by John S. Cavender as trustee of the plaintiff under the will, it became his duty to set apart and invest in safe and permanent securities said trust fund so acknowledged to have been received by him, in order that it might remain intact, and yield a regular and certain income to the plaintiff from year to year. But the bill averred that Cavender had been guilty of a gross breach of his trust, that he had never set apart or invested any sum whatever in securities of any description, or in property or assets of any sort, as a trust fund for the benefit of plaintiff, or deposited in bank or elsewhere any sum of money to the credit of the trust estate, but, on the contrary, had converted to his own use and dissipated the whole of the trust estate and all the assets and money belonging thereto, except certain lands in

the State of Illinois, and that the income for the first six months from the trust funds was due, had been demanded, and was unpaid at the commencement of the suit.

The bill further averred that there were large tracts of land in the State of Illinois belonging to the estate of John Cavender, the proceeds and income of which were, under his will, a part of the trust estate; that the profits of said lands and the proceeds of their sale would probably be large, which John S. Cavender would be likely to convert to his own use.

The prayer of the bill was, that Cavender might be removed from his office of trustee, and a proper person appointed in his stead, to whom he might be ordered to pay over the said sum of seventeen thousand one hundred and sixty-nine dollars and forty-nine cents, with the interest due thereon.

A demurrer was filed to the bill and overruled by the court.

Thereupon Cavender answered, admitting that "John Cavender, deceased, by his last will and testament, dated and probated as specified in the bill, did constitute the defendant executor of his estate, and bequeathed one-half the residue of his estate, after the payment of debts, to the defendant as trustee, to hold said moiety in trust for the use and benefit of complainant during complainant's natural life, to be invested in real or personal securities, and the income thereof only to be paid over to the complainant, semi-annually, during his lifetime," but averring that, by the terms of said will, after the lapse successively of the life estate of complainant and Charlotte M., his wife, in the trust property aforesaid, such property would descend to defendant and his heirs, in fee simple, forever discharged of the trust aforesaid.

The answer also admitted "that the Probate Court of the City of St. Louis, by its judgment of October 5, 1878, found to be due, and ordered to be paid, by this defendant, as executor to this defendant as trustee, the sum of $17,169.49, and that thereafter the defendant made and executed his bond as such trustee, with good and sufficient sureties, whereby he bound himself to the State of Missouri, to the use of all persons beneficially interested, in the penal sum of twenty-five thousand dollars, and conditioned for the faithful performance by

this defendant as such trustee of the trust created by the provisions of said will as aforesaid," but denied "that on the 22d day of April, 1879, as alleged in said bill, he filed as such trustee in said Probate Court his written receipt, whereby he acknowledged to have received from himself as executor the said sum of $17,169.49, and was thereafter, on April 30, 1879, granted his discharge as executor by said Probate Court," and averred the fact to be that he had "never received as trustee, at the date of said alleged receipt, or at any other time, from himself as executor aforesaid, or from any source, the sum of seventeen thousand one hundred and sixty-nine dollars and forty-nine cents, or any other sum whatsoever, on account of said trust estate," and denied that any income had accrued in his hands from said trust estate to which the plaintiff was entitled, and admitted that no part of such income had ever been paid to the plaintiff.

The answer admitted that Cavender held the lands referred to in the bill, and that their proceeds and income should be set aside for the benefit of said trust estate, but denied that he would be likely to convert and absorb the same, and denied that he had mismanaged the trust estate.

The plaintiff filed the general replication to the answer, and, upon the final hearing, besides the admissions of the answer, offered the following evidence:

First. A certified copy of the original receipt of the defendant, on file in the Probate Court of the City of St. Louis, which was in the words and figures following:

"In the Probate Court, City of St. Louis. In the matter of the estate of John Cavender, deceased. St. Louis, April 22nd, 1879. I, John S. Cavender, trustee of Robert S. Cavender and others, under the last will and testament of John Cavender, deceased, acknowledge that I have received from John S. Cavender, executor of said deceased, the sum of seventeen thousand one hundred and sixty-nine and $\frac{49}{100}$ dollars, ordered to be paid to me by said Probate Court. Entered of record in the records of said court on the 5th day of October, 1878. John S. Cavender, Trustee."

Second. A certified copy of a paper writing, on file in the

same Probate Court, signed by W. G. Eliot, George Partridge, E. S. Rouse and John S. Cavender, entitled "In the matter of the estate of John Cavender, deceased," and dated St. Louis, April 23, 1879, in which it was recited that John S. Cavender, executor of the last will of John Cavender, deceased, had, on October 5, 1878, been ordered by the said Probate Court to pay over to himself, as trustee of Robert S. Cavender, under the last will of John Cavender, the sum of $17,169.49, and after such order the said John S. Cavender, trustee, as principal, and the said Eliot, Partridge and Rouse, as sureties, executed and filed their bond, dated December 3, 1878, in the penalty of $25,000, conditioned for the faithful execution of his trust by said trustee, and that said John S. Cavender had given to himself, as said executor, his receipt, dated April 22, 1879, for the sum of $17,169.49, and, on the strength of said receipt as a voucher, was about to apply to the said Probate Court for his discharge as such executor. The writing then proceeded as follows:

"Now we, William G. Eliot, George Partridge, and Edward S. Rouse, acknowledge, as such sureties, that said John S. Cavender, has, in law, received, and is now bound, as such trustee, for said sum of seventeen thousand one hundred and sixty-nine and $\frac{49}{100}$ dollars, as for cash actually received, and that the said bond is still in full force, and binding upon the undersigned, to all intents and purposes, in contemplation of law, touching the custody of said fund, as for cash actually received, and the execution of said trust concerning the same.

"And John S. Cavender, on his own part, as trustee and principal in said bond, admits the full and binding force of the above admission."

Third. A certified copy of the order of the Probate Court discharging John S. Cavender as executor of the estate of John Cavender, deceased, which was dated April 30, 1879, and was based on the ground that John S. Cavender had filed a receipt, signed by himself as trustee, acknowledging the receipt from himself, as executor, of the sum of $17,169.49, and was as follows:

*" Estate of John Cavender.*

"Now comes John S. Cavender, executor, and files the receipt dated April 22, 1879, given by John S. Cavender, trustee of Robert S. Cavender and Caroline M. Cavender, to said executor, for seventeen thousand one hundred and sixty-nine $\frac{49}{100}$ dollars, ordered by this court October 5, 1878, to be paid by said executor to said trustee, and it appearing to the court that on the 9th day of December, 1878, said trustee filed his bond as trustee in the St. Louis Circuit Court, conditioned for the faithful execution of the trust vested in him under the will of said John Cavender, deceased, with William G. Eliot, George Partridge, and Edward S. Rouse, as sureties; and said trustee, with said sureties, having, on the 23d day of April, 1879, filed in this court their written admission that said trustee has in law received and is bound for said sum of seventeen thousand one hundred and sixty-nine $\frac{4}{100}$ dollars, as for cash actually received, and that said bond is in full force as to the custody of said sum as for cash actually received, and for the execution of the trust touching the same; and said executor, asking for his discharge on the strength of said receipt and admission, and said Robert S. and Caroline M. Cavender, having by counsel, T. A. Post, appeared to said motion for discharge, and submitting the same on their part without argument or objection; now, therefore, in view of the premises, the court being in possession of the evidence, and having fully considered the same, doth order that said John S. Cavender be, and he is hereby, finally discharged as such executor."

All the foregoing evidence was received by the court without objection by the defendant.

Fourth. The deposition of J. S. Fullerton, who testified that money could be safely lent on real estate security in the City of St. Louis, in 1878 and part of 1879, at seven per cent. per annum, and in the latter part of 1879, and since that year, at six per cent. per annum net.

Fifth. The deposition of John S. Cavender, the defendant, who stated that he was the trustee of Robert S. Cavender,

but had made no investments for him, and that he had placed no money to the benefit of the trust fund in securities of any sort, or in bank, and had set aside no annuities for the benefit of Robert S. Cavender or the trust estate.

No proofs were offered for the defendant, and the court, upon the evidence above recited, made a decree removing John S. Cavender as trustee and appointing John M. Glover in his stead, and directing Cavender, upon demand, to pay over to Glover, trustee, the said sum of $17,169.49, and such sums of money as had been received and collected by Cavender from sales of land or otherwise since April 30th, 1879, belonging to the trust fund.

From this decree John S. Cavender appealed.

*Mr. Henry Hitchcock* for appellant.

*Mr. William A. McKenney* for appellee.

Mr. Justice Woods delivered the opinion of the court. He stated the facts in the foregoing language, and continued:

The first contention of the plaintiff in error is that the demurrer to the bill should have been sustained, because the nature of the trust was not therein so sufficiently set forth as to form the foundation of a decree on the part of a court of equity.

Whether the trust was fully and accurately set forth could not be known until the filing of the answer or the taking of the proofs. When the demurrer was heard, from all that then appeared, the exact provisions of the will of the testator raising the trust, and all the terms and conditions of the trust, were stated in the bill. It could not then be known whether or not there was anything more to state. What was stated showed the creation of a trust estate, the appointment of a trustee, the designation of a *cestui que trust*, and specific directions to the trustee in respect to his duties. The court could not assume that any of the provisions of the will relating to the subject matter of the trust were omitted from the bill, and what was stated was sufficient, if correctly stated, to enable the court to act intelligently. The demurrer was, therefore,

properly overruled. But the defendant refused to stand on his demurrer and answered the bill. Having, as it may be fairly presumed, the will of the testator before him, he undertook to set out in his answer, under oath, the provisions of the will in respect to the trust estate and trust in question. There is no pretence that any material word or clause, in relation to the subject of the trust was omitted from the answer. It is, therefore, too late for the defendant, on final hearing in the appellate court, to object that the provisions of the will were not fully set out in the bill of complaint. If there was any defect in the statement made.in the bill, it was rendered immaterial by the statements of the answer, and is not now ground of complaint.. *Greenleaf* v. *Birth*, 5 Pet. 131.

A similar assignment of error to that just noticed is, that the court erred in removing the appellee from his office of trustee without having before it the will or declaration of trust for interpretation.

But it is clear that a defendant to a bill in equity, who states in his answer under oath the provisions of a writing, which is presumed to be in his possession, cannot complain that the court acted upon his admission. The court might in its discretion have refused to interpret the writing without its production. But having acted upon the presumption that the defendant in his answer stated truly the contents of the writing, the latter cannot, on the ground that the writing itself was not put in evidence, ask a reversal of the decree. Courts of equity are frequently required to act on the admissions of the answer without other proof. Thus, when a cause is heard upon bill and answer, the decree is based entirely on the admissions of the answer without other testimony. *Reynolds* v. *Crawfordsville Bank*, 112 U. S. 405; *Brinkerhoff* v. *Brown*, 7 John's Ch. 217; *Grosvenor* v. *Cartwright*, 2 Cas. Ch. 21; *Perkins* v. *Nichols*, 11 Allen, 542. At all events, it does not lie in the mouth of a defendant in equity to complain that the court assumed his answer made under oath to be true and decreed accordingly.

The next assignment of error is that the decree rendered by the Circuit Court is not justified by the law.

The decree rests solely on the ground alleged in the bill, of neglect of duty and mismanagement of the trust property. If these grounds are sustained by the proof the authorities are ample to justify the decree of removal. For, where the acts or omissions of the trustee are such as to show a want of reasonable fidelity, a court of equity will remove him. *Ex parte Phelps*, 9 Mod. 357; *Mayor of Coventry* v. *Attorney-General*, 7 Brown Par. Cas. 235; *Attorney-General* v. *Drummond*, 1 Drury & Warren, 353; *Attorney-General* v. *Shore*, 7 Sim. 309 n; *Ex parte Greenhouse*, 1 Madd. 92; *Ex parte Reynolds*, 5 Ves. 707: *Clemens* v. *Caldwell*, 7 B. Mon. 171; *Johnson's Appeal*, 9 Penn. St. 416; *Ex parte Potts*, 1 Ashmead, 340; *Buchanan* v. *Hamilton*, 5 Ves. 722; *Ellison* v. *Ellison*, 6 Ves. 656, 663; *Portsmouth* v. *Fellows*, 5 Madd. 450; *Lothrop* v. *Smalley*, 8 C. E. Green (23 N. J Eq.), 192; *Hussey* v. *Coffin*, 1 Allen, 354; *Attorney-General* v. *Garrison*, 101 Mass. 223.

The averments of the bill sufficiently charge, and the proofs establish, neglect of duty and mismanagement of the trust estate. The charge of the bill, which is distinctly admitted by the answer, is, that the Probate Court found in the hands of the appellant, executor of John Cavender, as due and belonging to said trust estate, the sum of $17,169.49, and ordered him to pay over that sum to himself as trustee. The averment of the bill is sufficient to charge, and the admission of the answer sufficient to prove, the receipt by the defendant, as trustee, of the sum of money mentioned. They are conclusive evidence of the fact. For when one person is to pay money and receive the same money, and nothing remains but to enter receipts and payments in their proper accounts accordingly, the law will consider that as done which ought to be done. Thus, where a sole executor sustains the two-fold character of executor and guardian, the law will adjudge the ward's proportion of the property in his hands to be in his hands in the capacity of guardian, after the time limited by law for the settlement of the estate, whether the final account has been passed by the Orphan's Court or not. *Watkins* v. *State*, 2 Gill & J. 220. So, where the same person is executor of an estate and guardian of a distributee, and there is nothing to show in which capacity

he holds funds after payment of debts and settlement of the estate, he shall be presumed to hold them as guardian. *The State* v. *Hearst*, 12 Missouri, 365. See also *Johnson* v. *Johnson*, 2 Hill, *S. C.* Eq. 277; *Karr* v. *Karr*, 6 Dana, 3.

But the proof that the trust fund came to the hands of the trustee does not stop with the order and decree of the Probate Court finding the money in his hands as executor, and directing its payment to himself as trustee, for it appears that he made and filed in the Probate Court his receipt as trustee for the fund, and upon the strength of that receipt procured his discharge as executor. The record of the Probate Court, put in evidence, shows these facts. We have, therefore, the admission of record of the appellant, upon which the Court of Probate acted, at his instance, and upon the strength of which it made an order relieving him from liability as executor, and it is binding on him, and he cannot be heard in any controversy with the appellee to deny his admission that the fund came to his hands.

It remains to inquire whether the proof sustains the charge of neglect of duty and mismanagement of the trust funds.

Having taken possession of the trust moneys, it became the duty of the appellant to invest them as directed by the will, if it were possible to do so. The proof shows that it was possible. The appellant admits, under oath, that he has made no investments of the trust assets, and placed no funds in securities of any sort, or in bank, and set aside no annuities for the benefit of the *cestui que trust* or the trust estate. His own admissions show neglect of duty and mismanagement of the trust estate.

The neglect to invest constitutes of itself a breach of trust, and is ground for removal. *Clemens* v. *Caldwell*, 7 B. Mon. 171, 174; *Lathrop* v. *Smalley* above cited.

The only defence set up in the answer of the appellant is a denial that he ever gave a receipt as trustee, or that he had been discharged as executor by the Probate Court, or that the trust fund ever came to his hands. As the facts thus denied are conclusively established by the evidence, the denial is an aggravation of the misconduct of the appellant. A trustee,

into whose hands trust assets are shown to have come, who not only fails to discharge any duty of the trust, but even denies that he has ever received the property, cannot successfully resist an application made to a court of equity for his removal.

The counsel for appellant say that they regret that the pleadings and evidence do not permit a full presentation of the case upon its merits. We cannot act on this vague intimation. There may be facts not disclosed which, if shown by the record, would entirely change the aspect of the case. But we must try the case as the record reveals it. Upon the cause, as presented, with no explanation vouchsafed by the appellant, it is difficult to conceive of a clearer case for the removal of a trustee and the appointment of another in his stead.

*Decree affirmed.*