In re WARREN et al.

(Supreme Court, Appellate Division, Second Department.   March 6, 1908.)

1. TRUSTS—REMOVAL OF TRUSTEES.

Testamentary trustees who are honestly managing the property in their hands to the best interests of all concerned, and to the satisfaction of the great majority of the beneficiaries, including the one chiefly interested, will not be removed merely because they are personally interested as syndicate managers in the success of the reorganization of a company, stock in which was in their hands as trustees.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, §§ 217, 218.]

2. MOTIONS—TAKING PROOFS—REFERENCE—NECESSITY.

There was no error in the Special Term deciding a motion to remove testamentary trustees without taking proofs, this not being an exceptional case where reference and witnesses are necessary to determine the facts.

Appeal from Special Term, Queens County.

Application by Edward R. and Annie R. Warren for an order removing William Burnham and another, as trustees under the last will and testament of Cyrus M. Warren, deceased. From an order denying the same, petitioners appeal. Affirmed.

Argued before WOODWARD, JENKS, RICH, MILLER, and GAYNOR, JJ.

Otto C. Wierum, Jr. (Edmund A. Whitman, on the brief), for appellants.

William Pierrepont Williams, for respondents.

WOODWARD, J. This appeal is from an order made at Special Term denying the petitioners' application for the removal of the trustees under the will of the late Cyrus M. Warren. We think the disposition of this matter at Special Term was right. The record shows the testator gave his executors certain real estate at Long Island City in trust, to collect therefrom the rents, issues, and profits, and to pay the same to the testator's widow during her life. Coupled with this provision for the widow was a direction that, in case the income derived from this real property was insufficient to yield at least the sum of $5,000 per year, the executors should add to the income from the real estate sufficient of the income from the rest of the testator's property to make up the $5,000 required to be paid to his widow. It appears that almost all the testator's estate outside real property in question consisted of stock in two corporations known as the "Warren-Scharf Co." and the "Warren Chemical Co.," which stock the executors were by the will authorized to sell and dispose of. The executors did sell and dispose of this stock with the assent and approval of all the legatees under the will. By this sale and disposition the legatees under the will received in exchange shares of stock in a new corporation formed and known as the "Warren-Burnham Co.," which company subsequently paid to its stockholders large dividends. To provide, however, against the contingency of the real estate left in trust to the executors not yielding a net income of $5,000, the legatees by agreement placed in the hands of the trustees 503 shares of the Warren-Burnham Company, which was retained

by them by mutual consent, the income from which was to make up any deficiency in the sum of $5,000 to be paid to Mrs. Warren, the widow. All the property really held in trust was the real estate at Long Island City. The 503 shares of the Warren-Burnham Company were in effect pledged to the trustees by the owners to insure the payment of the $5,000 annuity to Mrs. Warren. So far as the real estate itself is concerned, there appears no complaint of mismanagement. All the charges of mismanagement relate to the stock hypothecated for the benefit of the widow. As to this stock it appears a time came when it became necessary to reorganize the Warren-Burnham Company. In that reorganization the capital was increased, and the company placed on a sound business footing. By this reorganization the 503 shares held by the trustees as collateral were turned in under the reorganization agreement. Of these shares the petitioners each owned $100^3/_5$ shares subject to the pledge to the trustees. One of the petitioners in this proceeding, through her committee, had requested the trustees to turn in her shares under this reorganization agreement. Three of the other beneficiaries under the will of Cyrus M. Warren had also joined in this request, and only one of the five children of Mr. Warren had failed to give a formal approval of the reorganization scheme. The reorganization plan appears to have been a profitable and successful business arrangement, and gave new life and vitality to the business, and, so far as this court can ascertain, the entire estate has been well managed, and large profits have been realized by all in interest from such management.

It is argued that the trustees under the will were personally interested as syndicate managers in the success of the reorganization of the Warren-Burnham Company, and as such were to profit as such managers in the reorganization, and therefore should be removed. It is perhaps sufficient to say that four of the five beneficiaries under the trust ask for the retention of the trustees, having confidence in their integrity and business management. In addition, the widow, the chief beneficiary of the trust, desires their retention. Under the circumstances of this case, we think the wishes of the great majority in interest should be respected. We cannot perceive that the interest of the trust estate or of any one of the beneficiaries would be advanced by any change in the management of the trust estate. Nor can we perceive that either of the trustees have acted otherwise than in the best of good faith towards all the parties in interest. To have failed to have become parties to the organization and turned in the whole of the 503 shares of stock pledged to them would probably have resulted in a loss rather than a benefit to the petitioners. We think the Special Term under all the circumstances properly denied the motion for the removal of the trustees. It is insisted the Special Term erred in deciding the motion without taking proofs. We think this contention cannot be sustained. Where an application by petition is opposed the issues are primarily triable by affidavit. It was unquestionably within the power of the Special Term to have ordered a reference to enlighten its own conscience; but references upon the disposition

of motions are not encouraged, and are not to be resorted to save in "exceptional cases, where the facts are complicated, and it is manifest that the truth cannot be ascertained with reasonable certainty without an examination of the witnesses." Weinberger v. Metropolitan Traction Co., 63 App. Div. 240, 242, 71 N. Y. Supp. 289; Buchholtz v. Florida East Coast R. Co., 59 App. Div. 566, 69 N. Y. Supp. 682; Matter of Hanlein, 65 App. Div. 159, 72 N. Y. Supp. 433. Whether, in a given case, a reference should be had or not is something which appeals very largely to the discretion of the court when governed by the rule above cited. In this case we see no occasion for disagreeing with the learned justice presiding at Special Term.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.