WILLIAM MERRILL, an Infant, by BLANCHE MERRILL BANKS, His Guardian ad Litem, Plaintiff, *v.* EQUITABLE SURETY COMPANY OF NEW YORK, Defendant.

Supreme Court, Onondaga County, January 27, 1928.

Insurance — taxicab liability insurance — action by person injured to recover on bond given in compliance with Highway Law, § 282-b — bond was for $2,500 and recovery against insured by plaintiff was $5,083.17 — plaintiff has right to maintain action — execution against insured has not been returned but insured turned over to plaintiff's attorneys $1,250 which was not applied — said sum is payment but does not discharge bond — plaintiff not required to exhaust remedy against insured — $1,250 intended by parties to be applied to part of judgment not covered by bond — defendant bound to pay any unpaid portion of judgment to amount of bond.

This is an action to recover on a bond given by the defendant to taxicab owners under section 282-b of the Highway Law and the bond complies with the provisions of that section. The bond is for $2,500. The plaintiff recovered judgment for $5,083.17 against the owners of the taxicab for personal injuries suffered, an execution was issued on that judgment but it has not been returned. However, the owners turned over to the plaintiff's attorneys $1,250 to be held awaiting the termination of this action.

While an obligee was not named in the bond, and indeed could not be so named since it could not be determined who would be entitled to the benefit of the bond until a liability arose against the owners, still the bond was given for the benefit of those persons coming within the plaintiff's class and, therefore, the plaintiff is entitled to sue thereon.

The $1,250 turned over by the insured to the plaintiff's attorneys must be con-

sidered as a payment on the judgment but it does not discharge the obligation of the bond.

Under the provisions of the bond the plaintiff was not required to exhaust his remedy against the insured before suing on the bond.

While neither the insured nor the plaintiff herein applied the $1,250, it was clearly the intention of the parties that it be applied to that part of the judgment over and above the liability of the defendant, and as so applied there is a balance remaining unpaid larger than the obligation of the bond. The surety had no right to apply said payment.

The defendant is bound by the terms of the bond to pay any unpaid portion of the judgment up to the amount of the bond and, therefore, the plaintiff is entitled to judgment for $2,500 with interest from the date of the entry of the judgment against the insured.

ACTION against a surety on a bond.

*Dixson, Searl, Jeffery & Cole*, for the plaintiff.

*Fred M. Flatow*, for the defendant.

EDGCOMB, J.   On December 30, 1925, Walter J. Brisk and Chester A. Brisk, who were about to engage in the taxicab business in the city of Syracuse, filed with the Commissioner of Motor Vehicles, pursuant to the provision of section 282-b of the Highway Law (added by Laws of 1922, chap. 612, as amd. by Laws of 1924, chaps. 360, 413; Laws of 1925, chap. 315, and since amd. by Laws of 1927, chaps. 271, 278), an indemnity bond, executed by themselves as principals and by the defendant, Equitable Surety Company of New York, as surety, by the terms of which the surety bound itself unto the People of the State of New York for the benefit of any person who should thereafter recover a judgment against the principals for personal injury caused by the negligent operation of a certain Studebaker car, which was to be used by the Brisks in their taxicab business, in the sum of $2,500.   The bond was a conditional one, and contained a provision that if the principals should pay or cause to be paid any judgment recovered against them for injury to person or property caused by the operation of the car in question, the obligation of the surety should be void, otherwise it was to remain in full force and effect.

The undertaking in form followed the requirements of section 282-b of the Highway Law, which requires every person, firm, association or corporation engaged in the business of transporting passengers for hire in any motor vehicle, except street cars, to file with the Commissioner of Motor Vehicles for each motor vehicle intended to be so operated, an indemnity bond or insurance policy in the sum of $2,500, conditioned for the payment of any judgment recovered against such person, firm, association or corporation for injury to person or property caused in the operation of such motor vehicle.

On June 8, 1926, a judgment was entered in the clerk's office of Onondaga county in favor of the plaintiff and against Walter J. and Chester A. Brisk, the principals on said bond, for $5,083.17, damages and costs, in an action brought to recover damages which the plaintiff claimed to have sustained by reason of the negligent operation of the Studebaker car covered by said bond while it was being used in the business of said Brisks.

This judgment, the plaintiff claims, has never been paid, and he brings this action against the surety to recover $2,500, the amount which plaintiff asserts is due him by reason of the obligation which the defendant assumed when it signed the undertaking in suit.

At the close of the evidence each party moved for a direction of a verdict. That was equivalent to a consent of both parties to a determination by the court of all questions of fact. In order that the court might take under advisement the various questions which were raised and argued with much force, a stipulation was made that the jury might be discharged, and that the court, when it reached a decision of the motions, might direct such a verdict as it deemed proper, with the same force and effect as if the jury was present to carry out such instruction.

The bond was given for the protection of the plaintiff and any one else similarly situated. In every bond there must be an obligee for whose benefit it is given, and who can, if there be a default, enforce the obligation against the obligor. The undertaking in question was given to the People for the benefit of any person who should thereafter recover a judgment against the principals for injury to person or property by reason of the negligent operation of the car described in the instrument. The obligee was not designated by name. That was not necessary, if the identity of the person for whose benefit the undertaking was given sufficiently appears. Such designation may be by description where it is sufficiently clear who was intended, and this intention is borne out by the proof. It would have been impossible to have mentioned the obligee by name in this instance, because when the bond was executed no one knew who would be injured in the future by the negligent operation of the car in question. Any one suffering injury to his person or property during the life of said bond, by reason of the negligent operation by the Brisks of the car mentioned in the instrument, is made the obligee; it was for the benefit of such a person that the obligation was created. When one was injured, his identity became as definitely established as if he had been designated by name in the instrument itself. The statute specifies the person for whose benefit the bond shall be given, and the undertaking follows the form of the statute in fixing the identity of the

obligee. Plaintiff, therefore, is the proper party to bring this action. This question was passed upon by Mr. Justice CHENEY, who nonsuited a prior action brought by the Brisks against this defendant to recover on this same bond upon the ground that the person injured was the one for whose benefit the bond was given, and not the Brisks, and that only the obligee could recover on the instrument.

After the entry of judgment in the negligence action, an execution was issued to the sheriff of Onondaga county, and a levy was made upon certain taxicabs owned by the judgment debtors. The property thus levied upon was never taken into custody by the sheriff, but was allowed to remain in the keeping of the judgment debtors, who were permitted to use the same with the knowledge and consent of the plaintiff and his attorneys. The execution has never been returned, and the sheriff insists that he has never released his levy. No further proceedings have ever been instituted looking toward the collection of this judgment against the principal debtors, and no apparent efforts have been made along that line. Sometime thereafter, and before the commencement of this action, the judgment debtors paid to plaintiff's attorneys the sum of $1,250 under a most peculiar arrangement. The defendant urges that the delivery of this money must be construed as a payment on the judgment, if not as a discharge of the obligation. The plaintiff insists that it should not be so considered; that rather, it was paid to the attorneys for the judgment creditor to be held in escrow by them, pending the outcome of this action, and eventually was to be credited upon the judgment or otherwise, as the holders saw fit. Plaintiff's attorneys still have the money in their possession. They have never returned it to the Brisk Brothers, and have never offered so to do.

I have no hesitancy in holding that this $1,250 must be considered a payment on the judgment against the Brisks, but that it is only to be credited upon and does not discharge their obligation.

The defendant insists that, because of the failure of the plaintiff to exhaust his remedy against the principals, the persons primarily liable to the plaintiff, it cannot be held answerable on this bond.

The liability of a surety is measured by his agreement. Performance or breach of the condition of the undertaking is the fact which determines whether the obligation shall be void or absolute. A failure to substantially perform the conditions of the bond in accordance with its terms is a breach, unless a sufficient excuse or release is established.

Agreements of suretyship are governed by the same general rules of construction as other contracts. The extent of a surety's

obligation must be determined from the language of the instrument, viewed in the light of surrounding facts and circumstances. (*Dunfee* v. *Dunfee*, 145 App. Div. 108; affd., 205 N. Y. 543; *Sachs* v. *American Surety Co.*, 72 App. Div. 60; affd., 177 N. Y. 551; *Gamble* v. *Cuneo*, 21 App. Div. 413; affd., 162 N. Y. 634; *Ulster County Savings Institution* v. *Young*, 161 id. 23.)

While it is true that a surety is entitled to a strict construction of the contract, the rule of *strictissimi juris* applies in the application of the contract rather than to its interpretation. (*Sachs* v. *American Surety Co.*, *supra; Smith* v. *Molleson*, 148 N. Y. 241.)

The language of the bond in suit is general in its terms. The only limitation in the nature of a defeasance, the performance of which would render the obligation void as to the surety, is the payment by the principals of any judgment recovered against them; otherwise the bond is to remain in full force and effect. Section 282-b of the Highway Law, under which this bond was given, and the instrument itself, contain no provision whatever which requires the obligee to pursue the principals first before the surety can be held to its agreement.

It has repeatedly been held that, in the absence of a statute or agreement to the contrary, the payee of an obligation may maintain an action thereon without first exhausting his remedy against the principal. (*McMurray* v. *Noyes*, 72 N. Y. 523; *Board of Supervisors* v. *Otis*, 62 id. 88; *Levy* v. *Cohen*, 103 App. Div. 195; *Luce* v. *Alexander*, 49 N. Y. Super. Ct. [17 J. & S.] 202; affd., 100 N. Y. 613; *Keene* v. *Newark Watch Case Material Co.*, 39 Misc. 6, 8; affd., 81 App. Div. 48.)

There is no covenant or condition in the bond which the obligee was required to perform before he could successfully call upon the surety to make good on his obligation. The obligor bound itself to pay this judgment if the principals failed so to do. The principals have paid only $1,250 on their indebtedness, and there is still due thereon $3,833.17 and interest. There has been no failure or neglect on the part of the plaintiff to perform any positive duty which he owed the surety. Laches or non-performance of some act on plaintiff's part which might have relieved the defendant from loss will not, therefore, discharge the surety.

Defendant's remedy is to pay the indebtedness, and then pursue the principals for reimbursement.

This leaves for consideration the question of whether or not the payment of $1,250 shall be credited upon the half of the judgment for which the defendant is liable, or on the balance which is not covered by the bond.

35

Again we must resort to the terms of the instrument to determine the intent of the parties. Ordinarily, a payment by the principal upon a bond reduces the surety's liability, but here the surety is only liable for half of the recovery.

The rule is well settled that a debtor has the right to determine on what debt any given payment shall be applied, and if he fails to make a designation, the creditor may apply it as he sees fit. (*Seymour* v. *Marvin*, 11 Barb. 80.)

The same principle applies where a surety is liable for a part only of the entire indebtedness of the principal to the obligee, and the former makes a partial payment on his indebtedness. (*Bishop* v. *Smith*, 57 Atl. [N. J.] 874; *Plomer* v. *Long*, 1 Stark. 153.)

The difficulty here is that, according to the claim of the plaintiff, the Brisks when they paid this $1,250, did not specifically designate upon which part of the judgment the payment should be credited, and the plaintiff did not actually apply it on either part. It is very apparent, however, that the principals in paying this sum, and the plaintiff in accepting it, never intended that it should be credited upon that part of the judgment for which the surety was liable, and I think that it must be held to have been the intention of the parties that it was a payment on the part of the judgment for which the defendant was not liable. The surety has no right to designate how the payment shall be applied.

It is suggested, with much force, that if a judgment creditor permits his judgment debtor to pay the difference between the obligation of the surety and the amount of the indebtedness, even though the debtor is fully competent and able to pay the entire judgment, and suspends his demand for the balance covered by the bond, and proceeds to collect that sum from the surety, it will encourage collusion and secret agreements between an injured party and the one primarily liable for such injury. While the courts should, and do, frown upon any clandestine arrangement which tends to foment litigation, or to shift responsibility from the shoulders of one guilty of negligence, nevertheless the situation suggested is not, in my opinion, sufficient to warrant the court in holding that the contract is against public policy; certainly not in view of the fact that its provisions are in strict compliance with the terms of the statute which requires such bond to be filed. If the defendant did not wish to bind itself to that which it promised to do until the obligee had first exhausted his remedy against those primarily liable, it should have insisted that such a clause be inserted in the undertaking. Defendant must be held to the agreement which it actually made.

While it is true that a bond is not to be extended beyond its

express terms, and that the contract of a surety must be strictly construed so as to impose only those burdens clearly within the terms of the agreement, this rule is not one of construction, and has no application where the instrument is clear and the obligation of the surety is definite.

Taking the precise words of the contract, we find that the surety obligated itself to pay up to $2,500 any judgment recovered against the Brisks for injury to any person caused by the negligent operation of the Studebaker car mentioned in the bond, unless the principals paid or caused the same to be paid. Concededly, the principals have not paid or caused to be paid the entire amount of this judgment. There still remains unpaid the sum of $3,833.17. I think that under the wording of this bond, the surety has obligated itself to pay upon that sum the face of the bond, namely, $2,500. This conclusion, it seems to me, is borne out not only by the words of the bond itself, but by the scope and purpose of the undertaking.

The purpose of the Legislature in enacting section 282-b of the Highway Law was to give protection to the public against the negligence of persons engaged in the business of carrying and transporting persons for hire in motor vehicles, other than street cars. It is common knowledge that such owners are many times financially irresponsible, and that the drivers of their cabs often operate such cars in a reckless and negligent manner, and that one injured thereby has frequently been unable to collect any judgment which he might obtain. The taxicab company, for its own profit and benefit, puts upon the highways a dangerous machine if it is improperly and negligently operated, and the Legislature, in a valid exercise of the police power, has seen fit to protect the public so far as possible against the negligence of persons engaged in the taxicab business. This act has been declared constitutional. (*People* v. *Martin*, 203 App. Div. 423; affd., 235 N. Y. 550.) The instrument in question is in strict conformity with the provisions of this section, and I think that it shows a clear intention on the part of the surety to obligate itself to pay any unpaid portion of a judgment obtained against the principals by reason of the latter's negligence in operating the car covered by the bond up to the sum of $2,500.

A verdict is directed for the plaintiff in the sum of $2,500, with interest thereon from the 8th day of June, 1926, amounting in all to $2,740.35, and judgment is ordered thereon, together with costs to be taxed by the clerk of the county of Onondaga.