**FRANZ v. BUDER et al. ***

**MISSISSIPPI VALLEY TRUST CO. v. SAME.**

Circuit Court of Appeals, Eighth Circuit.
September 9, 1929.

Nos. 8460, 8461.

S. Mayner Wallace, of St. Louis, Mo. (Allen McReynolds, of Carthage, Mo., on the brief), for appellant Franz.

S. Mayner Wallace and Samuel H. Liberman, both of St. Louis, Mo. (T. M. Pierce, of St. Louis, Mo., John B. Hollister, of Cincinnati, Ohio, A. Holt Roudebush, of St. Louis, Mo., and Taft, Stettinius & Hollister, of Cincinnati, Ohio, on the brief), for appellant Trust Company.

G. A. Buder, Jr., and Oscar E. Buder, both of St. Louis, Mo. (A. W. Wenger, of St. Louis, Mo., on the brief), for appellees.

Before BOOTH, Circuit Judge, and SANBORN and DEWEY, District Judges.

BOOTH, Circuit Judge. There are here two appeals from an order denying motions for the removal of trustees appointed under an agreement of trust. The grounds of the motion were: (1) That the trustees had failed to give the bonds ordered by this court for the protection of the interests of certain beneficiaries in the trust estate; (2) that the trustees had failed to render the statement and account of the properties belonging to the trust estate as required by the decree of the court below, affirmed by this court; (3) that the trustees had been guilty of breaches of trust, as disclosed by the record and proceedings in the cause.

The prior history of the litigation relative to this trust estate is found in Franz v. Buder (C. C. A.) 11 F.(2d) 854, 858; Franz v. Franz (C. C. A.) 15 F.(2d) 797; Buder v. Franz (C. C. A.) 27 F.(2d) 101.

The salient facts in said prior history are to be found in the opinion of this court in 27 F.(2d) 101–105, and need not be here repeated.

In the present main suit the plaintiff Ehrhardt W. Franz, appellant here, prayed for a disclosure and accounting by the trustees of the properties in the trust estate; for restraint of the trustees from disposing of certain stock belonging to the trust estate; for an adjudication of his alleged vested remainder interest in the trust estate; for a bond by the trustees for the protection of his remainder interest; and for general relief. The Mississippi Valley Trust Company, one of the defendants in the suit, appellant here, by cross-bill prayed for the same relief on behalf of the estates of two deceased alleged remaindermen.

The decree of the trial court as modified and affirmed by this court found the issues

*Rehearing denied October 28, 1929.

in favor of the appellants here; adjudged that plaintiff had a one-tenth vested remainder interest in the properties in the trust estate derived from the estate of Ehrhardt D. Franz, deceased, and that each of the estates represented by the Mississippi Valley Trust Company had a like interest; adjudged that stock dividends received on those stocks in the trust estate which belonged to the estate of Ehrhardt D. Franz, and in which Sophie Franz, his widow, had a life estate, belonged to the corpus of the trust estate and were not income; directed that the trustees "make and file, within thirty (30) days from the date of this Decree, with the record of this cause in the office of the clerk of this Court, a complete statement under their several oaths, of the present nature, condition, extent, location and value of the properties referred to or described in the trust agreement, of date January 30, 1909, mentioned in the pleadings and evidence in this cause, and, in such statement, render a true account of the said properties"; directed further "that any of said four interests [including the interest of plaintiff and the interests represented by the Mississippi Valley Trust Company] may, within thirty days after receipt of the mandate by the trial court, file therein a written request for such separate bond in such sum (not exceeding $500,000) as may be stated therein; that, within thirty days after such filing, a separate bond in such sum shall be filed by the trustees, to be approved in all respects by a judge of the trial court; as to all of such four interests not filing such request, a joint and several bond in the sum of $500,000, to be likewise approved."

The mandate of this court was filed in the court below on July 19, 1928. August 16, 1928, plaintiff Ehrhardt W. Franz filed in the court below request for separate bond in the sum of $500,000 for the protection and security of his remainder interest; and on the same day the Mississippi Valley Trust Company filed similar requests for separate bonds in the same amount for the protection and security of the two remainder interests represented by it. August 14, 1928, the trustees filed a statement and account touching the properties and condition of the trust estate. September 4, 1928, plaintiff filed objections to the statement and account filed. September 18, 1928, plaintiff and the Mississippi Valley Trust Company filed motions, similar in character, for the removal of the trustees upon the grounds above stated.

The motions came on for hearing October 1, 1928, and were partially heard on that date. It appeared that no bonds had been filed by the trustees pursuant to the requests. Bonds were, however, offered by the trustees at the hearing, and testimony was taken in their behalf relative to the delay. The court held that the delay was not due to any intent or recalcitrancy on the part of the trustees, but was due to an honest mistake between counsel relative to certain negotiations with a bonding company which had been suggested as surety. The court excused the delay; and the form of the proffered bonds not being satisfactory, the hearing was continued until October 20, 1928. The parties failed to agree on the form of the bonds during the interim; and the court finally directed certain changes to be made in the form proffered by the trustees, and the bonds were accordingly executed. They were approved and filed October 20, 1928.

At the hearing on October 20, 1928, the objections which had been filed September 4, 1928, to the statement and account as filed by the trustees, were called to the attention of the court and introduced in evidence. The objections were as follows:

"1. The trust estate held by said Trustees is confused in the statement thereof with the Estate of E. D. Franz, deceased.

"2. There is no showing of Plaintiff's remainder interest in the moneys, to-wit, $826,875.00 derived by said Trustees at the time of the redemption of the preferred stock of Burroughs Adding Machine Company.

"3. Said statement contains no information respecting the alleged purchase by Sophie Franz of the various stocks and bonds bequeathed by the will of E. D. Franz, deceased.

"4. A long period of time prior to January 30, 1909, at which time said Trustees came into possession of the properties referred to in this cause, is improperly referred to and included, within said statement.

"5. Various gifts by Sophie Franz to plaintiff are improperly treated in said statement as alleged loans or advancements by her to him.

"6. Divers matters and things, not required by said decree, are improperly included within the said statement.

"7. There is no showing, by said statement, of interest received by, or chargeable to, said Trustees.

"8. There is no showing by said statement of any counsel fees, commissions, or other expenses paid or received by said Trustees.

"9. Said statement is otherwise uncertain, indefinite and incomplete."

At the same hearing the other grounds al-

55

leged for the removal of the trustees were also called to the attention of the court.

November 20, 1928, the court filed the following order:

"Now on this day, the Court having considered the motion of plaintiff, as well as separate motions of defendant, Mississippi Valley Trust Company (1) as administrator of the estate of Ernest H. Franz, deceased and (2) as administrator of the estate of Walter G. Franz, deceased, for removal of trustees, etc., being fully advised in the premises, doth Order that such motions be, and the same are hereby overruled."

The present appeals followed.

At the hearing of the present appeals the clerk of this court presented a paper which had been filed on the day set for the hearing, and which purported to be a dismissal of the appeal by Ehrhardt W. Franz. His counsel disclaimed any knowledge of the execution or filing of the paper, though he did not question its authenticity. Under these circumstances we feel constrained to give effect to the dismissal; and accordingly the appeal of the Mississippi Valley Trust Company, which involves, however, the same questions, will alone be considered.

At the outset we are met by the contention of appellees that the order of November 20, 1928, denying the motion to remove the trustees, is not a final order and therefore not appealable. We think this contention cannot be sustained. This court has already taken cognizance of the trust, and potential control of the trust estate. It is inherent in the powers of a court of equity to remove a trustee for breach of trust or other good cause shown. May v. May, 167 U. S. 310, 17 S. Ct. 824, 42 L. Ed. 179. Appeals from orders of removal have been frequently entertained. May v. May, supra; McPherson v. Cox, 96 U. S. 404, 27 L. Ed. 746; McDonald v. O'Donnell, 56 App. D. C. 31, 8 F.(2d) 792, 45 A. L. R. 328; Williams v. Nichols, 47 Ark. 254, 1 S. W. 243. As also have appeals from orders denying removal. In re Price's Estate, 209 Pa. 210, 58 A. 280; Gartside v. Gartside, 113 Mo. 348, 20 S. W. 669; Dailey v. Wight, 94 Md. 269, 51 A. 38; Warren v. Burnham, 125 App. Div. 169, 109 N. Y. S. 202. We turn to the merits.

As to the first ground urged for removal, delay in furnishing the bonds ordered in the decree, and in furnishing them finally in improper form, little need be said. The trial court held that the delay was not intentional, but due to an honest misunderstanding between counsel. There was substantial evidence to sustain such holding. It will therefore not be disturbed. The provision in the decree as modified, that the bonds were to be filed within 30 days after the filing of requests, was not of so strict and unyielding a character that unintentional delay could not be relieved against. As to the form of the bonds for the protection and security of the estates represented by the Mississippi Valley Trust Company, the contention of the trust company is that it should have been named in the bond as the sole obligee. The trial court was of the opinion that the language of this court on the former appeal [27 F.(2d) 101] required that the obligees in the bonds should be "the estate and heirs" of the deceased remaindermen respectively. We think the trial court was mistaken in this view. This court in using the words mentioned was simply referring generally to the remainder interests and not specifically designating the obligees in the bonds. However, considerable liberality is exercised in construing designations of obligees in bonds, so long as the intent of the parties is clear. Van Winkle v. Blackford, 28 W. Va. 670; Fellows v. Gilman, 4 Wend. (N. Y.) 414; Merrill v. Equitable Surety Co., 131 Misc. Rep. 541, 227 N. Y. S. 266. The bonds in the form taken were considered by the trial court legally sufficient, and we see no reason to differ from that view. If in the future the trial court shall deem it necessary or advisable to require a change in the form of the bonds, it will of course feel at liberty so to do.

The second ground of the motion to remove relates to the statement and account filed by the trustees. The trial judge in denying the motion filed no memorandum, so that we do not know whether he considered the statement filed to be sufficient; or that, though insufficient, it could be supplemented by an accounting under the authority reserved in the decree.

The appellees take the position that the statement filed was more than sufficient to comply with the decree. They say: "In all probability the summary of the assets on hand as of July 31, 1928, appearing on page 82 of the transcript, together with the affidavits of the trustees, appearing on the same page, would have been a sufficient compliance with the mandate of this Court."

We cannot agree with this position of the appellees; nor do we think that the statement as a whole meets the situation or the requirements of the decree. We think the statement as filed is open to several of the objections filed against it. The trust agree-

ment of January, 1909, covered two classes of property: First, that property which belonged to the estate of Ehrhardt D. Franz, deceased, and in which his widow Sophie Franz had a life interest only; second, that property which was owned by Sophie Franz absolutely. These two classes of property were entirely distinct. The children of Ehrhardt D. Franz were, however, interested in both. Sophie Franz conveyed to the trustees her life interest only in the first class of property. At the death of Sophie Franz, the corpus of that part of the trust estate which she derived from the estate of her deceased husband will be divided in accordance with the provisions of the will of Ehrhardt D. Franz; while the rest of the trust estate will be divided and distributed according to the provisions of the will of Sophie Franz, or if she die intestate, then in accordance with the statutes of descent and distribution of the state of her domicile. It is possible that the distribution of the two parts of the trust estate may be to widely different persons. Such being the status of the two classes of property covered by the trust agreement, it would seem to follow that in order to show clearly and accurately the present nature and condition of the trust estate, a statement of account should exhibit separate inventories of the two classes of property as of January 30, 1909, the date of the trust agreement; separate statements of accretions to any items of property in the two classes; separate statements as to changes in the form of the corpus of the two classes of property; separate statements of income from the two classes of property and disposition thereof by the trustees; separate statements of any alleged advancements from the two classes of property made to any of the beneficiaries of the trust; separate inventories of the two classes of property as of the date of filing of the mandate of this court, July 19, 1928.

The foregoing outline of what the statement and account should contain is not intended to be strictly exclusive on the one hand or strictly mandatory on the other, but is intended simply to express our views in a general way as to the scope of the provision in the decree which requires a statement and account. But we repeat that we think the statement and account filed falls far short of meeting the requirements of the decree in respect thereto.

The third ground of the motion to remove is based upon alleged unfitness of the trustees to further act. This court in its opinion in this case on a former appeal [27 F.(2d) 101, 107, 115] used the following language:

"This record leaves no doubt that these trustees, the life tenant and several of the remaindermen are denying any right or interest of plaintiff to any property in the possession of the trustees and especially to the increases of stock in the Burroughs Company. * * * Also, the trustees have always refused to give plaintiff any inventory or accounting and persistently deny his right to such."

"It is clear, from this record, that this entire controversy has been caused by the trustees. They have consistently and persistently refused to accord the cross-appellants the rights which were due them. They have gone further than this and have and do deny the existence of any and all rights and interest in the cross-appellants. Such course of conduct has compelled this litigation to establish those interests and to enforce and protect the resulting rights."

The trial judge in his opinion after the trial of the main case on the merits used the following language in referring to the trustees: "They admit that they have made a studied effort to bring about a legal situation whereby the remainder interests would be wiped out and destroyed and the whole estate become vested absolutely in Sophie Franz, the holder of the particular estate."

■■ Our attention has been called by counsel for appellant to a portion of the record on the former appeal which it is claimed fully warrants the language above quoted. Counsel for appellees contend that such former record is not admissible for consideration on this appeal. We think the contention is without merit. This court feels at liberty to take judicial notice of its own records, and especially when they are in the same general litigation between the same parties. Freshman v. Atkins, 269 U. S. 121; Cushman Paper Box Mach. Co. v. Goddard (C. C. A.) 95 F. 664; United States v. North American Oil Consol. (C. C. A.) 264 F. 336.

We have examined the records referred to and find that they lend ample support to the statements above quoted. These acts of alleged misconduct on the part of the trustees were called to the attention of the trial judge at the hearing on the motion to remove, but they simply called forth the remark, "That is water that has passed under the bridge." We are somewhat at a loss as to the meaning of this remark. If, as contended by counsel for appellees, the trial court meant that because the alleged acts of misconduct occurred before the prior appeal,

they for that reason could not be open for consideration on the present application for removal, we cannot assent to the conclusion. Several of the facts involved in the motion to remove were not known until they were established during the course of the litigation resulting in the former appeal. After the facts were judicially established, then for the first time, and in the present proceedings, was the removal of the trustees prayed.

That a court of equity has inherent power to remove trustees for good cause shown is well established. In May v. May, supra, the court said (pages 320–321 of 167 U. S., 17 S. Ct. 824, 828, 42 L. Ed. 179): "The power of a court of equity to remove a trustee, and to substitute another in his place, is incidental to its paramount duty to see that trusts are properly executed, and may properly be exercised whenever such a state of mutual ill feeling, growing out of his behavior, exists between the trustees, or between the trustee in question and the beneficiaries, that his continuance in office would be detrimental to the execution of the trust, even if for no other reason than that human infirmity would prevent the co-trustee or the beneficiaries from working in harmony with him, and although charges of misconduct against him are either not made out, or are greatly exaggerated." See also Cavender v. Cavender, 114 U. S. 464, 472–474, 5 S. Ct. 955, 29 L. Ed. 212; Irvine v. Dunham, 111 U. S. 327, 334, 335, 4 S. Ct. 501, 28 L. Ed. 444.

Our conclusions on the whole matter are that the delay by the trustees in furnishing the bonds did not constitute ground for removal of the trustees; that the failure by the trustees to furnish such a statement and account as the decree required may or may not constitute ground for removal, dependent upon whether the failure was due to recalcitrancy or to an honest misunderstanding of the scope of the provisions of the decree; that the admitted acts and attitude of the trustees toward some of the remainder interests in the trust estate, if standing alone and unexplained, do constitute grounds for removal, worthy of investigation; that the trial court inadvertently assumed that such facts were no longer open for consideration on the question of removal, and that probably for that reason the trustees introduced no evidence as to this particular ground. In view of this state of the record, we do not think we should pass finally upon the motion for removal until after the facts disclosed by the record have been further considered by the trial court, together with any other evidence which may properly be admitted upon further hearing.

The order denying the motion to remove the trustees is therefore reversed, with instructions for further hearing, including the introduction of evidence, if the parties be so advised; and for further proceedings not inconsistent with the views herein expressed.

It is so ordered.