THEODOSIA SCOTT *vs.* EDWARD S. RAND, JR., & another.

Suffolk. Nov. 19, 1874. — Sept. 2, 1875. WELLS & DEVENS, JJ., absent.

A husband, a citizen of another state, executed in this Commonwealth an indenture of trust by which he conveyed personal property to a trustee, the income to be paid to the guardian of the insane wife of the grantor; the wife was afterwards discharged from guardianship, and the trustee delivered the trust fund to the husband; the wife brought a bill in equity against her husband, in the state where he lived, to enforce the trust, and afterwards brought a bill in equity in this Commonwealth, for the same purpose, against her husband and the trustee. *Held*, that the pendency of the bill in equity in the other state, where the trust fund was, and where both the husband and wife had their domicil, was no ground for the court staying the proceedings in this Commonwealth until the court in the other state had acted upon the bill there filed.

An application by a cestui que trust to remove a trustee is addressed to the reasonable discretion of the court; and if the trustee has committed a breach of trust, and appears, in a controversy between the creator of the trust and the cestui que trust, to have identified himself with the former, it is good ground for removing him, although he has not acted from dishonest or selfish motives.

A husband created a trust for the purpose of providing "a comfortable support and maintenance for his wife," who was then under guardianship as an insane person. The wife afterwards was discharged from guardianship, and the trustee paid over the trust fund to the husband, who subsequently furnished the wife with support and maintenance. *Held*, that the trust continued notwithstanding the discharge of the wife from guardianship; but that the husband was entitled to retain, from the accrued income of the trust fund, the amount expended by him for the support of his wife.

BILL IN EQUITY by Theodosia Scott, suing by her next friend, against Edward S. Rand, Jr., and Charles Scott, to enforce a trust. After the decision overruling the defendants' demurrers to the bill, 115 Mass. 104, answers were filed and the case reserved by *Colt*, J., for the consideration of the full court, upon an agreed statement of facts, the nature of which appears in the opinion.

*A. E. Pillsbury*, for the plaintiff.

*J. Lathrop*, for the defendants.

COLT, J. The bill was originally brought by Mrs. Scott against Rand alone, charging that he had wrongfully and without notice to her delivered to her husband certain funds held by him in trust for her, under an indenture to which Rand and her husband were parties, and that Rand had since refused to pay her the income to which by the terms of the instrument she was enti-

tled. The prayer of the bill is that he may be required to pay her the income which ought to have been received, and transfer the principal fund or its equivalent to some person to be appointed by the court trustee in his place.

The bill, on Rand's demurrer, was amended by joining Scott, the husband, as a party defendant. Answers to the merits were then filed by both; and Scott adds an allegation to his answer by way of plea, to the effect that the Superior Court of Connecticut had acquired prior jurisdiction of the subject matter of this suit, under a proceeding commenced in equity by the plaintiff against him alone as a resident of that state, and which is still pending.

It is not now contended that the facts relied on in support of the plea are sufficient to defeat the bill or wholly to displace the plaintiff's equity. This case has been heard upon full answers of each defendant and upon an agreed statement of all facts put in issue by the pleadings. If the defence had rested solely on the issue raised by the plea, and the right to insist on it had not been waived, still it would have been a full answer to it that the complete remedy sought in the case at bar is not attainable in the Connecticut proceeding. Rand is not a party to that suit. He is resident within the jurisdiction of this court, and the plaintiff is entitled to a remedy against him here for the alleged violation of her rights. Story Eq. Pl. §§ 741, 743.

The defendants, however, contend that, in view of all the circumstances, and especially in view of the fact that Scott and his wife, the parties interested, now live in Connecticut, and that Scott in fact holds the trust fund received by him from Rand, this court should now, in the exercise of its discretion, stay proceedings until the courts of the latter state have acted in the suit there pending. But assuming that it is within the province of a court of equity, in its discretion, to decline the exercise of a jurisdiction plainly possessed, and refer parties to the tribunals of another state, where the remedy sought can be more effectually administered, (Smith v. Mutual Ins. Co. 14 Allen, 336, 343,) still the case at bar is clearly one where the exercise of such power cannot be justly invoked. The indenture by which this trust was created was executed in this state by a citizen who then and now resides here. The subject matter of the suit is so far within the jurisdiction that an effectual remedy can be here af

forded.    The right of the plaintiff to her remedy against the
trustee is in the nature of a property right, and the decree in this
case to the extent of such right will be binding on all other per-
sons, without regard to domicil.    The defendant Scott has en-
tered a general appearance, joined issue on the merits of the bill
and taken the judgment of the court thereon, while no action has
been taken in the mean time in the other suit.    It does not ap-
pear that payment made by the trustee under a decree of this
court can in any way prejudice the rights of the husband, or de-
prive him of any just ground of defence not equally open to him
here.    It would be clearly unjust to delay, for the further prose-
cution of that suit, the relief to which the plaintiff is entitled
against Rand.

It was held by this court, upon demurrer to this bill, that by
the true construction of this indenture the trust created did not
terminate, as then contended, with the plaintiff's discharge from
guardianship.    115 Mass. 104.    There is nothing in the facts
now agreed to show that it has yet terminated, or that the trus-
tee has been in any way discharged from his responsibility to his
cestui que trust.    The fact that he has paid over the funds to one
who had no right to them, under a mistake of duty however hon-
est, does not relieve him, and the plaintiff is entitled to a decree
against him enforcing the trust in her favor, according to the true
construction of the indenture under which he assumed its duties.
This would be a sufficient disposition of this case but for the fur-
ther prayer in the bill for the removal of the trustee and the ap-
pointment of another person in his place.

A proper decision of this latter application requires a careful
consideration of all the circumstances, the existing relations, and
to some extent the state of feeling between the parties.    It is
addressed to the reasonable discretion of the court.    Upon the
facts presented, in connection with the history of the litigation
disclosed, we are constrained to the belief that, in an unhappy
controversy between husband and wife to which he was in no
sense a party, in which he could have no interest, and in a pro-
ceeding which the wife had a right to regard as hostile to her
rights, the trustee nevertheless manifested an undue readiness to
assist the husband.    Scott had appealed from the decree of the
Probate Court discharging his wife from guardianship, and entered

his appeal in this court. That appeal was waived by him, and the whole of the trust fund transferred from Rand to Scott on the same day, under the claim that the trust was terminated by Mrs. Scott's discharge from guardianship ; a claim which was at least regarded by Rand as so far doubtful that he took legal advice in regard to the transfer, and required from Scott a bond of indemnity for his protection. The more significant circumstance, however, is that, in a matter of so much importance, he gave no notice of his intended action to Mrs. Scott, and no information of what had been done, until the time when the quarterly payment of income was demanded. It is natural that Mrs. Scott should regard this action as dictated by feelings on the part of the trustee unfriendly to her. It is not necessary, in order to support the application, for the plaintiff to show that the trustee has acted from dishonest or selfish motives, and it is but just to say that such a charge is not maintained. It is sufficient that he appears to have so far identified himself with one of two contending parties as to make it proper to grant a request for his removal from his position as trustee of the other.

It is claimed by Scott that, since the trust funds were placed in his hands, and since his wife's discharge from guardianship, he has expended money for her support and maintenance. His declared purpose in the creation of the trust was to provide " in any event of fortune a comfortable support and maintenance " for his wife during his own life. So far as such support has been furnished by him since he received the funds, he is equitably entitled to remuneration to the extent, if necessary, of the income which has accrued, or should have accrued during the time. But the nature and amount of such expenditure is not disclosed upon this record, and it cannot now be determined to what extent, if any, he should be indemnified therefor. The case must therefore be sent to a master, according to the agreement of the parties, and stand for further hearing before a single judge upon this question, as well as for the appointment of a suitable person as trustee, as prayed for, and for such further orders and decrees as may be necessary to secure the plaintiff's rights in accordance with the views herein stated.                *Decree accordingly.*