WILLIAM NICKELS ET AL., APPELLANTS, VS. FRANK PHILIPS, APPELLEE.

Where a trustee holds the mere naked title to property for the use of the beneficiaries who have for years enjoyed the undisturbed possession. and the conduct of the trustee has not been such as to endanger the property or disturb its enjoyment, or show a want of integrity, capacity or fidelity, the mere fact that he forbids the beneficiaries to hold any social intercourse with himself or his family is not a sufficient ground upon which to demand the removal of the trustee.

Appellants filed a bill against Philips for the purpose of procuring his removal from the office of trustee.

William Nickels in 1868 purchased and caused to be conveyed to Philips, as trustee, certain lots in Marianna to hold " for the sole and separate use, benefit and behoof of the said Catharine Nickels, wife of William Nickels, during her life, and for the use, benefit and behoof of Louisa

M. Nickels and Charles Nickels." Charles Nickels is dead, and Catharine Nickels and Louisa M. Nickels are the remaining beneficiaries, and, together with William Nickels, are in possession of the property. The trustee has not intermeddled with the property or its rents and profits.

The complaint against him is: "That since the creation of said trust unfriendly feelings have been engendered between your oratrix, Louisa M. Nickels, and the defendant, which have become and have been for several years so intensified that all communications between them have ceased, and consequently her situation will be an exceedingly unpleasant one at the death of your orator, if she survives him, with an insane mother to care for and no male person to look to for advice and assistance, save her trustee with whom she cannot speak, and your oratrix and orator are of the opinion that it will be conducive to the interest of all the parties concerned, and it will certainly lessen the unpleasant anxiety of your oratrix to have another trustee appointed in the place of the defendant."

By an amendment to the bill Louisa M. Nickels alleges that she is not aware of ever having furnished any ground for the intense unfriendly feeling existing between her and the defendant. Nevertheless, several years ago he sent a written communication to her forbidding her to visit his house, notwithstanding his wife is her sister, and has also forbid his wife and children from visiting her; since which time he has refused to speak to her, and she is informed and believes he openly announces himself as her enemy, expressing his feelings in the most vindictive manner, and she apprehends he will give her much trouble in the event she survives her father. William Nickels also alleges that about the time this suit was commenced this defendant sent him a letter forbidding him to have any communication with defendant or his family, and he is therefore de-

nied the privilege of communication with his daughter, the wife of defendant. He is not aware of ever having given defendant any cause for this treatment, he is quite aged, and he fears that defendant contemplates at some future time using his trusteeship for the purpose of annoying or injuring complainants. The prayer is that Philips be removed and some suitable person be appointed in his place. The defendant demurred for want of equity. The Chancellor sustained the demurrer, and complainants appealed.

*D. L. McKinnon* for Appellants.

*McClellan & Milton* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court.

The courts have sometimes removed a joint trustee " upon the ground that the other co-trustees would not act with him, for in a case where a trust is to be executed, if the parties have become so hostile to each other that they will not act together, the danger to the due execution of the trust and the due disposition of the trust fund requires such an interposition to prevent irreparable mischief. In cases of positive misconduct courts of equity have no difficulty in interposing to remove trustees who have abused their trust.

" It is not, indeed, every mistake or neglect of duty, or inaccuracy of conduct of trustees, which will induce courts of equity to adopt such a course. But the acts or omisions must be such as to endanger the trust property, or to show a want of honesty, or a want of proper capacity, or a want of reasonable fidelity."

" The appointment of new trustees is an ordinary remedy, enforced by courts of equity in all cases where there is a failure of suitable trustees to perform the trust, either

from accident, or from the refusal of the old trustees to act, or from their original or supervenient incapacity to act, or from any other cause." Story's Eq. Jur., §§1287, 1289.

The rules thus laid down by Judge Story are the result of all the adjudications touching the subject. All the " causes " mentioned in the books for the removal of trustees are such as are substantial, and such as to require the interposition of the court in order to preserve the property for the benefit of the *cestui que trust*, and to secure its management for the best interests of the parties concerned.

There is no allegation in the bill of any unfitness of the defendant or any want of care in the management of the property. Indeed the complainants have always since its purchase enjoyed it without any interference and unmolested by him. No fact is stated showing that he has any disposition to annoy them in any manner or to do any act to affect the property to their injury or discomfort. He is a mere naked trustee holding the legal title for their benefit and convenience.

The only charge against him is that he has denied to them social intercourse with himself and his family. While such a state of things is to be regretted, yet the uniform rule adopted by the courts is that unless the conduct, condition or omissions of the trustee are such as to endanger the property or disturb the enjoyment of it, or shall show a want of integrity, capacity or fidelity in the discharge of his duty as a trustee, the court will not interfere. The mere existence of a family feud, not resulting in any damage whatever, nor threatening to impair or in any wise affect the rights of the parties, is not a sufficient ground upon which to demand the intervention of the court to displace the trustee.

The decree of the Circuit Court is affirmed.