## JOB T. WILSON *vs.* JAMES H. WILSON.

Bristol.    Oct. 26, 1887. — Jan. 5, 1888.    C. ALLEN & KNOWLTON, JJ., absent.

A woman devised the greater part of her estate to her son and two other persons, in trust that they "may, in the exercise of their discretion, pay" to her husband such portion of the income, "or no portion at all thereof, as they shall from time to time think fitting and proper," and, further, to invest the surplus income, and, at the death of the husband, to convey one half of the trust estate to the daughter of the testatrix or her issue, or, if she should leave no issue, then to the issue of the son, and, at the death of the son, to convey the other half to the issue of the son. The will further provided, that, if either of the recipients under the will

should be wanting in thrift, the trustees should make the payments provided for in such way and to such persons as should be most likely to enure to the benefit of the recipients, "exercising in all such case and cases the judgment that would be expected from a good father to each of such recipients respectively." On a petition by the husband for the removal of the son from the office of trustee, a single justice of this court, before whom the hearing was had, found that the son was the dominant member of the board of trustees; that there was a strong mutual hostility between the son and the husband; that he could not satisfactorily apportion the blame for the quarrel, and did not find any misconduct of the son distinctly attributable to hostility; and that, in view of the absolute discretion reposed in the trustees as to the allowance to the husband, and the whole state of affairs disclosed by the evidence, the son ought to be removed, if the husband had a *locus standi*, and unless mutual hostility not attributable solely to the trustee, without distinct proof of misconduct in consequence of it, is never a sufficient ground of removal in such a case. The judge on these findings reported the case for the consideration of the full court. *Held*, that the husband was "beneficially interested in the trust," within the Pub. Sts. c. 141, § 9, and had a right to bring the petition; and that, on the facts found, the trustee ought to be removed.

APPEAL from a decree of the Probate Court, allowing a petition filed by Job T. Wilson, praying for the removal of James H. Wilson, one of the trustees under the will of Deborah Wilson. The case was heard by *Holmes*, J., and reserved for the consideration of the full court. The facts appear in the opinion.

*J. M. Wood*, for the petitioner.

*J. M. Morton*, for the respondent.

MORTON, C. J. The will of the testatrix, who was the wife of the petitioner, gives the most of her estate to the respondent and two others, upon the trust that they "may, in the exercise of their discretion, pay" to the petitioner such portion of the income, "or no portion at all thereof, as they shall from time to time think fitting and proper," shall invest the surplus income for accumulation, and at the death of the petitioner shall convey one half of the trust estate to her daughter or her issue, or, if she leaves no issue, to the issue of the respondent, and shall hold the other half in trust until the death of the respondent, when it shall be conveyed to his issue. It also provides in the last clause, that, "if either of the recipients under this will, husband, children, or grandchildren, or children's issue, shall be wanting in thrift," the trustees are ordered and charged with making the conveyances and payments before provided in such way and to such persons as shall be most likely to enure to the benefit of the recipients, "exercising in all such case and cases

the judgment that would be expected from a good father to each of such recipients respectively."

The will contemplates that a part of the income is to be applied to the benefit of the petitioner, unless some cause exists to the contrary. Although the discretion given to the trustees is very broad, yet they are to act upon their discretion and judgment, not upon their mere will or caprice, or from selfish or improper motives; they are to exercise the judgment to be expected from a good father.

The petitioner has a right to demand of them that, in determining how much of the income should be paid to him or for his benefit, they should exercise a fair and reasonable discretion and judgment; and if they unfairly or corruptly refuse to do this, he is a party " beneficially interested in the trust," who, under the statute, may apply for the removal of the trustees. Pub. Sts. c. 141, § 9.

We come, then, to the merits of the case.

The statute provides that the Supreme Judicial Court and the probate courts may, " upon application of the parties beneficially interested in the trust, remove a trustee under a written instrument, if such removal appears essential to the interests of the applicants." Pub. Sts. c. 141, § 9. This gives a broad power to the court, and leaves the question of the removal of a trustee very largely to its discretion.

In this case the justice who heard the case upon appeal from the Probate Court has not reported the evidence; we cannot, therefore, revise his findings. He has found, as the result of the hearing, that the respondent is the dominant member of the board of trustees appointed by the will, that there exists a strong mutual hostility between the respondent and the petitioner, who is his father, that he cannot satisfactorily apportion the blame for the existing quarrel, and that he does not find any misconduct of the trustee distinctly attributable to hostility. But he finds that " in view of the absolute discretion reposed in the trustees as to the allowance to the petitioner, and the whole state of affairs disclosed by the evidence, the trustee ought to be removed, if the petitioner has a locus standi, and unless mutual hostility not attributable solely to the trustee, without distinct proof of misconduct in consequence of it, is never a

sufficient ground of removal in a case like the present." This is equivalent to a finding by the justice that the respondent ought to be removed, unless, upon the facts in the case, the justice had no right in law to remove him.

We think it was within the province of the presiding justice to decide whether, upon all the evidence, the trustee should be removed. The relation between the father and the son created by the will is one of extreme delicacy. The trustees have full power to determine what allowance the father shall have, limited only by the duty of exercising a fair and reasonable discretion. Every one instinctively feels that a state of mutual hostility between the trustee and such a beneficiary, arising after the trust was created, caused in part by the fault of the trustee, unfits him, to a greater or less degree, for the fair execution of the trust. But from the nature of the case it would be very difficult, if not impossible, to find distinct proof that, in exercising his discretion, the trustee was actuated or influenced by such hostility. And yet it may be apparent that, according to the laws which generally govern human action, he could not be relied upon to act fairly towards the beneficiary. We think that in a case like this, where the duty of a trustee is so delicate, where the hostility has arisen since the trust was created, and is attributable in part to the fault of the trustee, where the existence of the hostility would naturally pervert his feelings and judgment, it is competent for a justice to remove a trustee without further proof of misconduct, upon the ground that the removal appears essential to the interests of the beneficiary.

In *McPherson* v. *Cox*, 96 U. S. 404, 419, Mr. Justice Miller states that, "where a trustee is charged with an active trust, which gives him some discretionary power over the rights of the *cestui que trust*, and which brings him into constant personal intercourse with the latter, it may be conceded that the mere existence of strong mutual ill-feeling between the parties will, under some circumstances, justify a change by the court." In *Scott* v. *Rand*, 118 Mass. 215, it is said in the opinion, that the question of removing a trustee depends upon "a careful consideration of all the circumstances, the existing relations, and to some extent the state of feeling between the parties. It is addressed

to the reasonable discretion of the court." And the trustee was removed, although he had acted from honest motives, mainly upon the ground that, in a quarrel between the *cestui que trust* and her husband, he had taken the part of the husband, and thus created unfriendly relations with her.

The respondent relies upon the cases of *Forster* v. *Davies*, 4 DeG. F. & J. 133, and *Nickels* v. *Philips*, 18 Fla. 732. But they are quite different from the case at bar. It does not appear in those cases that any blame attached to the trustees for the existing feud or hostility ; and the trustees had no discretionary power over the rights of the *cestuis que trust,* so that the existence of hostility was of minor importance, as it could not affect the due execution of the trust.

*Decree of Probate Court affirmed.*