ALLEN-FOSTER-WILLETT COMPANY, petitioner, JOHN H. WILLETT & MANUFACTURERS NATIONAL BANK, intervenors.

Suffolk.    May 21, 1917. — June 27, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Corporation,* Dissolution, Officers and agents.  *Trust,* Fiduciary relation.

Although the directors of a domestic manufacturing corporation, that is conducting business, stand in a fiduciary relation to the corporation, yet, after such a corporation has been dissolved by a decree under St. 1903, c. 437, § 51, and receivers have been appointed under § 53 of that statute, and after the directors have been enjoined until further order of the court, which never has been given, from interfering with or selling or disposing of any of the property of the corporation and from interfering in any way with the management of any part of the property or of the business of the corporation, one of the directors thus enjoined

commits no breach of trust by buying for himself claims against the corporation at a discount and afterwards collecting them in full.

The same is true where, as in the present case, the director in question was the treasurer and the general manager of the corporation up to the time of its dissolution.

PETITION, filed in the Superior Court on August 30, 1916, under St. 1903, c. 437, § 51, for the dissolution of the Allen-Foster-Willett Company, a domestic manufacturing corporation theretofore engaged in the manufacture of boots and shoes at Lynn.

On the same day a decree of dissolution was entered, which contained the provisions that are stated in the opinion.

In accordance with this decree receivers were appointed, who on November 21, 1916, filed their first report.

The Manufacturers National Bank of Lynn, a creditor, and John H. Willett, a minority stockholder, who also had been the president of the corporation and one of its directors, appeared as intervenors to object to the allowance of the report. Frederick Allen, who was the Allen mentioned in the opinion, was a director of the corporation and up to the time of its dissolution had been its treasurer and its general manager.

The objections to the report made by the Manufacturers National Bank were as follows:

"1. That Frederick Allen, general manager, treasurer and director, and Charles H. Foster, secretary and director, of said Allen-Foster-Willett Company, and while holding said several offices, purchased a large number of accounts payable of said company for about eighty per cent of their face value. That said accounts appear in said report as having been approved by said receivers for their face value and if said report is allowed said receivers intend to pay dividend or dividends thereon based on their face value. That said Allen and Foster hold said accounts in trust for the benefit of said company and no payments thereon should be allowed for an amount in excess of the amounts paid for said accounts by said Allen and Foster, or either of them.

"2. That Frederick Allen, general manager, treasurer and director, and Charles H. Foster, secretary and director, of the Allen-Foster-Willett Company, and while holding said several offices, made certain contracts and purchased large amounts

of merchandise and incurred other obligations in behalf of and as the duly authorized agents and officers of said company, and as such officers acquired other information concerning the records, accounts, contracts, and other obligations and creditors of said company. That by reason thereof said Allen and Foster were enabled to purchase and did purchase for about eighty per cent of their face value and now hold a large number of accounts payable of said company. That said accounts appear in said report as having been approved by said receivers for their face value and said receivers intend to pay a dividend or dividends thereon based on their face value. That said Allen and Foster hold said accounts in trust for said company and no payments thereon should be allowed for an amount in excess of the amount paid for said accounts by said Allen and Foster, or either of them.

"3. That there is due said company a large sum of money from said Frederick Allen for advancements. That there is a further large sum of money due said company from said Allen, said amount being the difference between $75 per week authorized and $100 per week that as treasurer he paid to himself without authority. That it is believed that said Foster is indebted to said company but it is not known for what amount. That said receivers intend if said report is allowed to pay said Allen and Foster the full dividends thereon without setting off or deducting therefrom the amounts due said company by said Allen and Foster or either of them. That said receivers should not be allowed to pay any dividend on the accounts held by said Allen and Foster except on the amount found to be due on an accounting between said company and said Allen and Foster.

"4. That, in view of the fact that the receivers have filed no inventory and there has been a great and unexplained dissipation of the assets of the company over $206,000 and because of the matters and things set forth in detail in the accompanying affidavits, justice requires that said report be not allowed without further inquiry and investigation and that the Manufacturers National Bank be allowed to become a party thereto."

The objections to the report made by John H. Willett were as follows:

"1. The debts which appear to have been approved and allowed by the receivers according to said report, and upon which

the receivers intend to pay a dividend, or nearly all of said debts, the particulars of which are to your respondent unknown, have been all bought up at a discount by Frederick Allen or Charles H. Foster on behalf of Frederick Allen and Charles H. Foster, as appears by letters, copies of which are hereto annexed, and that both said Frederick Allen and said Charles H. Foster have heretofore been officers and employes of said Allen-Foster-Willett Company; that said Frederick Allen is now and for a long time past has been a director, treasurer and general manager of said Allen-Foster-Willett Company, and the said Charles H. Foster is now and for a long time past has been a director and clerk of said Allen-Foster-Willett Company.

"2. Since August 30, 1916, the date of the decree for dissolution of the Allen-Foster-Willett Company and the appointment of the receivers, both said Frederick Allen and said Charles H. Foster have continued to render service to said corporation, and have been constantly informed of the doings of the receivers and the situation relating to the winding up of said corporation.

"3. Prior to August 30, 1916, the date of the decree for dissolution of said corporation, the said Frederick Allen as general manager and treasurer was sole financial manager of the business of said corporation, and the said Charles H. Foster had principal charge of the manufacturing plant of said corporation and had special knowledge relating to all merchandise bought and received by said corporation; that in consequence of their relations to said corporation the said Frederick Allen and Charles H. Foster had special and peculiar knowledge and information regarding the accounts due from said corporation, that said information was acquired in the course of their employment by said corporation and while they were acting in a fiduciary capacity for said corporation; that the receivers of said Allen-Foster-Willett Company depended upon, and had a right to information relating to any debts presented against the said Allen-Foster-Willett Company from said Allen and Foster; that the approval of said debts by the receivers was in consequence of the approval of said debts by said Allen and said Foster; that any defence to any of said debts presented against said company depended upon the information and testimony of said Allen and said Foster.

"4. Your respondent is informed and believes and therefore avers that said accounts were purchased by said Allen and said Foster prior to the filing of any report of the claims approved and allowed by the receivers in this case.

"5. Your respondent is informed and believes and therefore avers that said purchase of accounts as aforesaid is a fraud upon said Allen-Foster-Willett Company and upon him as a stockholder; that any excess above the amount actually paid by said Allen or said Foster for the purchase of said debts is the property of the Allen-Foster-Willett Company or its receivers; that said receivers ought not to pay on account of said claims any amount in excess of the sum paid therefor by said Allen or said Foster; that to allow the report now offered might result in the payment to said Allen and said Foster of an amount in excess of the cost of said claims, to said Allen and said Foster.

"Wherefore your respondent respectfully prays:

"First: That before the allowance of said report this court determine the exact cost of said claims purchased by said Allen or said Foster on behalf of either said Allen or said Foster.

"Second: That said claims be not allowed for any sum in excess of the amount paid therefor by the said Allen or the said Foster.

"Third: That your respondent be permitted to participate in any proceeding in relation to the determination of the amount paid for said claims by the said Allen or the said Foster."

The case came on to be heard before *Lawton, J.,* upon the receivers' report and the objections of the Manufacturers National Bank and John H. Willett thereto; and, after having heard the parties upon agreed facts, which are described in substance in the opinion, the judge overruled the objections, allowed the report and made a decree thereon dated December 28, 1916; and, the objectors making no objections to the distribution 'of 'a dividend to the extent of seventy per cent as therein ordered, upon all other questions raised by the objections, at the request of the objectors, the judge reported the case for determination by this court upon the petition and the decree appointing the receivers, the receivers' first report, the objections to that report, the stipulation as to facts and the decree upon the report, such decree, order or modification of the decree to be entered as this court should determine.

The case was submitted on briefs.

*S. Parsons, H. A. Bowen & C. D. Moore,* for John H. Willett.
*A. B. Tolman,* for the Manufacturers National Bank.
*Lee M. Friedman,* for the receivers.

BRALEY, J.  It is undoubtedly true as contended by the inter-
venors that directors of a corporation act in the discharge of the
duties of their office in a fiduciary capacity.  A director is not per-
mitted to serve two masters; his personal pecuniary interests
in whatever form they may arise are as between himself and the
company subordinate to his paramount obligations as trustee,
to the faithful performance of which he is strictly accountable
in a court of equity.  *Hayes* v. *Hall,* 188 Mass. 510, 511.  *Quinn* v.
*Burton,* 195 Mass. 277, 279.  *American Circular Loom Co.* v.
*Wilson,* 198 Mass. 182, 206, 207.  *United Zinc Co.* v. *Harwood,* 216
Mass. 474, 476, and cases there collated.

Obviously, Allen, while a director of the company charged with
the duty of conserving its monetary welfare for the benefit of
all concerned, could not lawfully buy at a discount claims against
it and afterwards collect their full value or participate upon this
basis in any distribution of corporate assets by way of dividends
if the company became insolvent.

But, having been a domestic manufacturing corporation, the
company by the decree of dissolution is within St. of 1903, c. 437,
§ 51, which provides that, "A corporation so dissolved shall be
held to be extinct in all respects as if its corporate existence had
expired by the limitation of its charter."  Or as phrased in R. L.
c. 109, § 52, of which St. 1903, c. 437, § 51, is a recodification, "as
if its corporate existence had expired by its own limitation."
The corporation having thus ceased to exist, creditors and stock-
holders would have to assert whatever rights they had against its
property in a court of equity, if it were not for § 52.  *Thornton* v.
*Marginal Freight Railway,* 123 Mass. 32, 34.

By this section however the corporation is continued "as a
body corporate for three years after the time when it would have
been so dissolved, for the purpose of prosecuting and defending
suits by or against it and of enabling it gradually to settle and
close its affairs, to dispose of and convey its property and to divide
its capital stock, but not for the purpose of continuing the busi-
ness for which it was established."  If upon dissolution the assets
had been marshalled and liquidation had been effected through

its officers, the corporation might have been obliged to exercise all necessary corporate functions "incident to this limited and restricted action, including the holding of meetings, passing votes, electing directors and other agents." *Commonwealth* v. *Commonwealth Bank*, 22 Pick. 176, 180. *Crease* v. *Babcock*, 23 Pick. 334, 345, 346. *Richards* v. *Attleborough National Bank*, 148 Mass. 187, 191, 192. And we should hesitate to hold, if Allen had continued to act as a director under such conditions, that he could speculate for his own gain in the purchase of claims against the company to the detriment of other creditors as well as of the stockholders who would be entitled to share in whatever corporate property remained after the company's debts had been satisfied. *Andrews* v. *Tuttle-Smith Co.* 191 Mass. 461, 467, 468.

But the record shows that, instead of the company's affairs being wound up under corporate management, receivers were appointed under § 53, with authority to prosecute and defend suits and to do all other acts which might be done by the corporation if in being and might be necessary for the final adjustment of its unfinished business. The company's directors also were not only commanded to turn over to the receivers all books of account, leases, deeds, contracts, bills, notes, accounts, merchandise, moneys or other property of the corporation in their possession or control, and to execute and deliver all necessary deeds or other instruments to perfect the delivery and transfer of the property of the corporation to the receivers, but were enjoined until the further order of the court, which has never taken further action, from interfering with, transferring, encumbering, selling or disposing of any of the property of the corporation, or in any way interfering with the possession or management of any part of the property or of the business of the corporation, except through or under the receivers or their agents.

This decree having ended all further corporate management, the receivers alone were empowered to settle and close the company's affairs, to sell and convey its property and to distribute the proceeds as ordered by the court. *Stone* v. *Old Colony Street Railway*, 212 Mass. 459, 462. *Eastern Bridge & Structural Co.* v. *Worcester Auditorium Co.* 216 Mass. 426. And the directorate having been shorn of all corporate powers by the decree which rendered their further exercise impossible, the fiduciary obligations

of its members were also terminated. We are accordingly unable to perceive that in acquiring a part of the indebtedness of the company, after the receivers had been appointed and were administering the estate, Allen committed a breach of trust.

It follows, that the receivers' report wherein the claims bought by Allen are admitted to participation in the dividend for the full amount having been properly allowed, the decree should be affirmed with costs in accordance with the terms of the report.

*So ordered.*