McDONALD et al. v. O'DONNELL.

(Court of Appeals of District of Columbia.
Submitted October 14, 1925.   Decided
November 2, 1925.

No. 4240.

1. **Trusts ⊚⇒166(1)—Trustee may be removed where relations between principal beneficiary have become irreconcilably hostile.**

Where relations between trustee of estate and testator's widow, the principal beneficiary, have become so irreconcilably hostile as to defeat true purpose of trust, removal of trustee is warranted, though there is no evidence reflecting on his integrity.

2. **Trusts ⊚⇒167—Decree removing trustee not disturbed, except on clear and convincing grounds.**

Decision of trial court, removing trustee and appointing successor, on complaint showing irreconcilable hostility between trustee and principal beneficiary, should not be disturbed, except on clear and convincing grounds.

Appeal from Supreme Court of District of Columbia.

Proceeding by Mary O'Donnell for removal of Ronald McDonald, trustee, and appointment of a successor. From a decree granting the relief sought, Ronald McDonald, trustee, and others appeal. Affirmed.

Andrew Wilson, of Washington, D. C., for appellants.

Rossa F. Downing and M. A. Easby-Smith, both of Washington, D. C.; for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from a decree of the lower court removing the appellant Ronald McDonald as the sole trustee under the last will of Michael F. O'Donnell, deceased, upon complaint of the appellee, Mary O'Donnell, the widow of said decedent.

It appears that on March 18, 1910, said decedent, a citizen of the District of Columbia, died leaving a widow, but no descendants, and possessed of an estate consisting of real and personal property. In his last will, dated July 9, 1906, which was duly probated, the testator provided for certain minor payments, which have since been settled, and subject to these he bequeathed and devised his entire estate to appellant, Ronald McDonald, as executor and trustee, to be held by him during the lifetime of testator's wife, Mary O'Donnell, and the life of his adopted daughter, Ellen O'Donnell; after the decease of both of them the estate was to go to Mary O'Donnell, Johanna O'Donnell, Catherine Cusick, Mary Cusick, and Mary Ann O'Donnell, or to such of them as should survive testator's wife and adopted daughter aforesaid, to be divided among them, or such of them as may then be surviving, share and share alike. In the will the testator ordered that during the continuance of said trust, and during the time that said Mary O'Donnell should remain his widow, she should be paid monthly out of the net income and profits of the estate the sum of $25 in lieu of all her dower rights in the estate. The testator also ordered that if at any time during the continuance of the trust it should become apparent to the trustee that said Ellen O'Donnell (testator's adopted daughter) should be incapacitated by reason of sickness or disability from earning her own livelihood, the trustee should pay her such sums from the estate as in his judgment he should deem necessary and proper.

In a codicil, dated April 24, 1909, the testator provided that during the lifetime of his widow, so long as she remained unmarried, the trustee should pay her such additional sum or sums from the estate as may seem to him "necessary, proper and suitable for her needs, condition and station of life." The codicil also directed the payment of $100 a year out of the proceeds of the estate to his adopted daughter, Ellen O'Donnell, in addition to the provision made for her in the will. The testator further ordered that, should the cash in hand and the ordinary income from the rents of the estate be insufficient in the judgment of the trustee to pay the sums thus provided for in the last will and codicil, then the trustee was empowered to sell one of the pieces of real estate composing part of the estate, and use such part of the proceeds thereof as should be necessary to comply with the directions of the will and codicil.

The appellant Ronald McDonald acted as executor under the will, and since has continued to act as trustee. The devisees, Ellen O'Donnell, Johanna O'Donnell, and Mary Ann O'Donnell, have since died without issue, leaving the widow and Mary O'Donnell, Catherine Cusick, and Mary Cusick as the surviving devisees under the will.

In November, 1920, the widow, Mary O'Donnell, filed a bill of complaint in the court below against said trustee, wherein, as amended, she charged that he had for a long time past continuously refused to pay her sufficient funds from said estate to maintain her in her station of life, although sufficient funds were available, thereby humiliating.

and embarrassing her, and imposing great hardship upon her; also that he had maintained an attitude of harshness, antagonism, and hostility towards her ever since about two years after the testator's death; and for these reasons she prayed that the defendant should be removed as trustee and a successor be appointed. These charges were all specifically denied by the trustee, who, together with the surviving residuary devisees, defended against the bill of complaint. A trial was had, and the transactions of the defendant as trustee were fully covered by the testimony and exhibits. The court below granted the prayer of the bill, removed the appellant as trustee, and appointed a successor. This appeal was taken from that order and decree.

[1] It is unnecessary for us to discuss in detail the evidence contained in the record. We find nothing in it which reflects upon the integrity of the trustee, nor do we find grounds there for any condemnation of the discretion with which he has managed the trust in his dealings with third parties. But we are convinced from the record that the relations between the trustee and the testator's widow have become irreconcilably hostile, to such an extent and with such results as to defeat the true purpose which the testator had in mind when he created the trust.

It is clear, from a reading of the testator's will, that his wife and his adopted daughter were the principal objects of his bounty. The entire income of the trust estate, as well as a part of its principal, were made subject to their reasonable needs. The latter is now deceased, and the former is a woman of advanced years. Her claim upon the estate is in part founded upon a property consideration, since she accepted it in lieu of her legal dower in the estate. The duties of the trustee toward her, under the terms of the will and codicil, are intimate and personal. The trustee is required to pay her such sums from the estate as may seem to him to be necessary, proper, and suitable for her needs, condition, and station of life. The relations existing for a long time between them make the proper performance of such duties almost impossible under the circumstances.

It is true that the testator selected the appellant as trustee, but it should be remembered that the selection was made more than 15 years ago, and the relations of the parties have changed since that time. Where the trustee occupies antagonistic relations to the trust property, because of his personal interest therein, or where inharmonious or unfriendly relations exist between the trustees, or between them and the cestui que trust, there may be sufficient reason for removal. 39 Cyc. p. 263.

A trustee, who is beneficiary's son, may be removed, on application of beneficiary, because a state of mutual hostility has arisen between them since the creation of the trust, attributable in part to the fault of the trustee, and which would naturally pervert the feelings and judgment of the trustee, who is given full power to determine what allowance the beneficiary shall have, limited only by the duty of exercising a fair and reasonable discretion, although there is no distinct proof of misconduct in consequence of such hostility. Wilson v. Wilson, 145 Mass. 490, 14 N. E. 521, 1 Am. St. Rep. 477.

It may be conceded that where a trustee is charged with an active trust, which gives him some discretionary power over the rights of the cestui que trust, and which brings him into constant personal intercourse with the latter, the mere existence of strong mutual ill feeling between the parties will, under some circumstances, justify a change by the court. McPherson v. Cox, 96 U. S. 404, 24 L. Ed. 746.

[2] We may say, moreover, that the decision of the trial court upon such a complaint should not be disturbed, except upon clear and convincing grounds.

The decree of the lower court is affirmed, with costs.