BOSTON SAFE DEPOSIT AND TRUST COMPANY *vs.* AMOS L. TAYLOR.

AMOS L. TAYLOR *vs.* BOSTON SAFE DEPOSIT AND TRUST COMPANY.

Middlesex.    November 14, 1927.— January 11, 1928.

Present: RUGG, C.J., BRALEY, CROSBY CARROLL, & SANDERSON, JJ.

*Trust,* Suitability of trustee, Testamentary trustee.    *Probate Court,* Jurisdiction.

A will named three trustees and provided: "In case of the death, resignation or failure to act of any trustee hereunder, it is my wish that . . . [a certain] Trust Company . . . be appointed his successor to the end that upon the death, resignation or failure to act of all my original trustees, the said . . . Trust Company will ultimately become the sole trustee hereunder." Upon the death of one of the trustees, the trust company named in the will filed a petition for its appointment as trustee; and an individual filed a petition for his appointment. The petition of the individual was assented to by the surviving trustees and by all persons interested as beneficiaries under the trust and by a guardian *ad litem* appointed by the court. Upon a hearing of the petitions together, the judge found that the trust company was "suitable to be appointed" and ruled that under the terms of the will the court was required to appoint it. The beneficiaries appealed. *Held,* that

(1) Evidence showing merely that, of the trust fund amounting to $1,239,565, twenty per cent was invested in stock of a national bank which was a competitor of the petitioner trust company, and that the surviving trustees were, one the president of the board of directors and the other a director and a member of the executive committee of the national bank and that the trust company "might at times require and be clearly entitled to information detrimental to the interests of the" national bank; that part of the trust fund was invested in industrial securities and the trust company did not make such investment of trust funds, did not require that the finding by the judge that the trust company was "suitable to be appointed" should be set aside;

(2) The words of the will expressing the testator's wish were free from ambiguity, and were a direction to the court to appoint the company named; and the desire of the testator as shown by his will was to be carried out;

(3) The appellants were not prejudiced by the rulings made.

Two PETITIONS, filed in the Probate Court for the county of Middlesex respectively on July 9, 1926, and July 14, 1926, for the appointment of the petitioner named therein as a trustee under the will of Edwin Chapman, late of Ashby, to fill a vacancy caused by the death of George R. Blinn.

The petitions were heard by *Harris*, J., a stenographer having been appointed under G. L. c. 215, § 18, to take the evidence. It appeared that, of the surviving trustees, Lyman was a director, a member of the executive committee and a large stockholder in the Atlantic National Bank of Boston, and that Hallett was chairman of its board of directors. Other material evidence and findings and rulings by the judge are stated in the opinion. By order of the judge, the Boston Safe Deposit and Trust Company was appointed a trustee. Amos L. Taylor and all parties beneficially interested in the trust appealed. The judge, under G. L. c. 215, § 11, filed a report of facts found by him. The record did not contain a transcript of the evidence.

*A. L. Taylor*, (*E. C. Parks* with him,) for the appellants.

*J. Abbott*, (*C. M. Rogerson* with him,) for Boston Safe Deposit and Trust Company.

CARROLL, J. These are two petitions for the appointment of a trustee under the will of Edwin Chapman, to fill a vacancy caused by the death of George R. Blinn, one of the original trustees appointed by the testator. The petition of the Boston Safe Deposit and Trust Company alleged that George R. Blinn died before the objects of the trust had been accomplished; that the will provided "in such event your petitioner be appointed his successor" as cotrustee with Jesse P. Lyman and Herbert K. Hallett, surviving trustees, without giving surety on its bond. The petition of Amos L. Taylor alleged that it is now desirable to appoint a suitable person to act as trustee in the place of Blinn. The Taylor petition was assented to by persons interested, by Herbert

K. Hallett, trustee, and by Jesse P. Lyman as trustee and guardian *ad litem* for interested minors.

The testator died in 1915. In the first article of his will he appointed Blinn, Lyman and Hallett executors and trustees, exempting them from furnishing sureties on their official bonds. In the tenth article he provided: "In case of the death, resignation or failure to act of any trustee hereunder, it is my wish that the Boston Safe Deposit and Trust Company . . . be appointed his successor to the end that upon the death, resignation or failure to act of all my original trustees, the said Boston Safe Deposit and Trust Company will ultimately become the sole trustee hereunder."

At the hearing in the Probate Court Mr. Lyman testified that twenty per cent of the trust fund was invested in the stock of the Atlantic National Bank; that when the will was made the testator was a director and large stockholder in the Fourth Atlantic National Bank which then had no trust department; that since 1918 the Atlantic National Bank had conducted a trust department. He further testified that the retention of this stock is an important factor in the trust, the market value of the trust fund being approximately $1,239,565; that the appointment of Mr. Taylor was desired by the entire family because he was familiar with every phase of the trust; that the Boston Safe Deposit and Trust Company as a competitor of the Atlantic National Bank "might at times require and be clearly entitled to information detrimental to the interests of the Atlantic National Bank"; that if the Boston Safe Deposit and Trust Company were appointed cotrustee, the witness and Mr. Hallett would be embarrassed in the management of the trust fund. It also appeared that a part of the trust fund was invested in industrial securities; that the Boston Safe Deposit and Trust Company did not invest trust funds in industrials. There was further evidence indicating that the Boston Safe Deposit and Trust Company was a competitor of the Atlantic National Bank. The president of the Boston Safe Deposit and Trust Company testified that the company did not lend money on "unsecured paper without collateral"; that its deposits were $18,000,000; that its principal business is the

care of trust funds which amount to $132,000,000; that he "would not be obliged . . . to disclose any confidential information that came to him in connection with the management of the trust."

The judge found that no question was raised as to the fitness of Mr. Taylor to serve as trustee if the trust company was not entitled to be appointed. He "found as a fact that the Boston Safe Deposit and Trust Company was suitable to be appointed a trustee, and ruled as a matter of law, and in accordance with the intention of the testator that, under the terms of the will, the court was required to appoint it." From the decree appointing the trust company, Mr. Taylor and all parties beneficially interested appealed.

The finding of the judge that the trust company was suitable to be appointed is not to be set aside. It was not shown that the trust company was unfit or unsuitable to carry on the trust. The evidence of the character of the investments of the trust was insufficient to establish its incompetency. A trustee may by identifying himself with contending parties indicate his unfairness, and the interest of all the parties concerned must be considered. *Scott* v. *Rand,* 118 Mass. 215. *Davis, petitioner,* 237 Mass. 47. The trustee is bound to act with fidelity, and the utmost good faith, subordinating his interests to his duties as trustee. *Allen-Foster-Willett Co., petitioner,* 227 Mass. 551, 556. But there is nothing in this record to show such partisan conduct, neglect of the interests of the beneficiaries, or conflict of duty, as to render the trust company unfitted for the trust. The finding of the judge on this point was not wrong.

The language of the will is free of ambiguity. The testator clearly manifested his wish to have the trust company appointed. He desired that on the death, resignation or failure to act of the individual trustees the Boston Safe Deposit and Trust Company was to be the sole trustee. The words of the will expressing the testator's wish were a direction to the court to appoint the company named; and the desire of the testator as shown by his will is to be carried out.

Even if the words of the will did not amount to a direction to the court, as a vacancy existed the Probate Court had

power to fill it.   It appointed a suitable trustee; its appointment must stand unless clearly wrong.   The appellants were not prejudiced by the rulings made.

*Decree affirmed.*