**HUGHES et al. v. HUGHES.**
**C. A. No. 4433–51.**

United States District Court
District of Columbia.
May 28, 1953.

F. H. Ridgway, Washington, D. C., George H. Beuchert, Jr., Washington, D. C., for plaintiffs.

John T. Reges, Washington, D. C., for defendant.

PINE, District Judge.

Eli H. Hughes died on January 20, 1946. Surviving him as heirs at law and next of kin were one daughter and three sons. One of his sons is now deceased. He left a will making special bequests to three grandsons and directing that his "executors and trustees" sell all the remainder of his estate, both real and personal, wherever situate, and make certain disposition of the proceeds. He named his two sons John C. Hughes and William T. Hughes executors and trustees. His estate consisted of personal property in Ohio and real property located in Washington, D. C., and New Jersey.

On January 21, 1946, a petition was filed in the Probate Court of Cuyahoga County, Ohio, by William T. Hughes, for probate of this will. On March 7, 1946, after having been proved by the witnesses thereto, it was admitted to probate. On the same date the Probate Court directed appointment of William T. Hughes as sole executor, having found that John C. Hughes had refused to apply for appointment.

On April 23, 1946, John C. Hughes filed a caveat to the will in the Court of Common Pleas of Cuyahoga County, Ohio, and on January 29, 1947, the jury found the paper writing to be the last will and testament of Eli H. Hughes.

On February 13, 1947, William T. Hughes applied to the Probate Court of Cuyahoga County for appointment as trustee, and on the same date that court found that John C. Hughes had refused to make application for appointment as trustee, and ordered that William T. Hughes be appointed sole trustee. On February 17, 1947, he gave bond and received his letters of appointment from the Probate Court.

The amended complaint asks that William T. Hughes be "confirmed" by this court as sole trustee and be authorized to execute the trust, and prays for further relief.

Plaintiffs are son, daughter, and grandchildren of testator. Defendant, John C. Hughes, is the other son. All parties are beneficiaries, present or contingent, under the trust.

Section 14-402, D.C.Code 1951, provides that " * * * the copy of any will which such laws [laws of a state] require to be admitted to probate and record, by judicial decree, and of the decree of the court admitting the same to probate and record, under the hand of the clerk * * * and the seal of the court * * * shall be good and sufficient prima facie evidence to prove the existence and contents of such * * * will * * * and that it was executed as it purports to have been."

Section 14-404, D.C.Code 1951, provides that "The record in the office of the register of wills for the District of Columbia of a duly certified copy, or transcript of the record of proceedings, admitting any will or codicil to probate outside of the District of Columbia * * * shall be deemed and held, at law and in equity, as of the same and like force and effect as if such will or codicil had been duly proved and admitted to probate and record under and in accordance with the provisions of sections 19-301 to 19-303" [providing notice, etc., preliminary to admission of wills to probate in the District of Columbia].

A copy of the will in question and the record of proceedings in the Ohio court, duly certified as required by the aforementioned statutes, have been filed in the office of Register of Wills for the District of Columbia, and the same would be sufficient, by force of said statutes, to vest title in the two trustees and authorize them to proceed as provided by the will. However, there have also been filed certified copies of the proceedings appointing plaintiff William T. Hughes as sole trustee, which in effect divests title in the two trustees named in the will and vests it in one of them, and that is the cause of this controversy.

 As stated, plaintiffs seek "confirmation" in this court of the appointment of William T. Hughes as sole trustee by the Ohio court. Defendant resists the granting of such relief, contending that the judgment of the Ohio court is invalid

and not entitled to full faith and credit. At the hearing, he relied principally on two claims, first, that the testator was not domiciled in the State of Ohio, and second, that defendant was not a party to the proceedings resulting in the appointment of plaintiff William T. Hughes as sole trustee; and he offered testimony in support of such claims. In opposition, plaintiffs contend as to the first claim that, inasmuch as at least a portion of the trust res, namely, the personalty, was in Ohio, that gave the Ohio court jurisdiction and the domicile of the testator would not be controlling; and they point out, as to the second claim, that Ohio law, unlike local law, requires that every fiduciary, before entering upon the execution of his trust, shall receive letters of appointment from the Probate Court, 7 Page's Ohio Code, § 10506-2; that therefore the duty was placed upon defendant to apply for appointment if he desired it; that not having applied, he did not possess a trusteeship, and not possessing one, he was not deprived of it by the appointment of William T. Hughes, and no notice was required. On this basis, plaintiffs argue that the judgment of the Ohio court is valid and entitled to full faith and credit under the Constitution. Of course, full faith and credit is required if the court awarding the judgment had jurisdiction. However, it is open to challenge if jurisdiction is lacking;[1] and irrespective of the contentions of the parties as above set forth and as adverted to in defendant's brief, the judgment sought to be "confirmed" in this court in effect purports to change title to real property in the District of Columbia by vesting it in one trustee instead of two as provided by the will. In this respect, the Ohio court was without jurisdiction over the subject matter, as it had no power to change title to real estate in this District[2] and full faith and credit is not required to be given its judgment as prayed. True it is, the Ohio court had power to compel the execution of a deed by parties personally before

1. Millikin v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278; Williams v. North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577.

2. Contee v. Lyons, 8 Mackey 207, 215; Corbett v. Nutt, 10 Wall. 464, 19 L.Ed. 976; Watts v. Waddle, 6 Pet. 389, 8 L. Ed. 437; 15 A.L.R.2d 625.

902

it, and thereby indirectly affect real estate beyond its territorial jurisdiction,[3] but the Ohio court did not in this case have before it one of the trustees nominated in the will, namely John, who, under the above-mentioned statutes, was vested with title to the District real estate as cotrustee.

Under these circumstances, the specific prayer of the complaint to "confirm" the Ohio court's appointment of William as sole trustee cannot be granted, and the only question remaining is whether, under local law and the facts in this case, other relief can and should be granted pursuant to the prayer for other relief.

In this connection, Section 18–611, D.C. Code 1951, provides that "If any person shall die having devised real estate to be sold for the payment of debts *or other purposes* without having appointed a trustee to sell or convey the property, or if the person so appointed *shall neglect* or refuse to execute the trust * * * the equity court shall have authority, on the application of any person interested, to appoint a trustee to sell and convey said property and apply the proceeds of sale to the purposes intended." (Italics supplied.)

■ It appears from the evidence adduced at the hearing that plaintiff William T. Hughes and defendant John C. Hughes are incompatible; that John C. Hughes has received the benefits provided by the trust, during the last six years, from William as sole trustee; that he has never made an application for appointment as cotrustee in Ohio or objected in the Ohio court to the appointment of his brother as sole trustee; that he has taken no steps whatever to execute the trust, but has allowed William to execute it exclusively during the past six years; that he has hindered its execution by filing an unsuccessful caveat to the will and by other obstructionist tactics; and that, although certified copies of the will and the Ohio proceedings were filed in this court in 1947, he has not attempted to act thereunder but instead has resisted the efforts of his brother in

this connection. I therefore conclude that defendant has neglected to execute the trust, and reaching such conclusion, I am authorized under Section 18–611, D.C.Code 1951, supra, to appoint a trustee for such purpose. Furthermore, by virtue of general equity powers,[4] I am authorized under the foregoing circumstances to remove a trustee and substitute another in his place. Accordingly, I have concluded to appoint William T. Hughes as sole trustee in place and stead of John C. Hughes and William T. Hughes, cotrustees nominated by the testator. This will result in the execution of the trust without further delay and will be in the interest of efficiency and single responsibility in its execution.

Counsel will prepare judgment accordingly. Further findings of fact and conclusions of law are unnecessary.

---

3. Watkins v. Holman's Lessee, 16 Pet. 25, 10 L.Ed. 873; Carpenter v. Strange, 141 U.S. 87, 35 L.Ed. 640.

4. McDonald v. O'Donnell, 56 App.D.C. 31, 8 F.2d 792, 45 A.L.R. 328; May v. May, 167 U.S. 310, 17 S.Ct. 824, 42 L.Ed. 179.