UNITED STATES v. NORTH AMERICAN OIL CONSOLIDATED et al.

(Circuit Court of Appeals, Ninth Circuit. April 5, 1920. Rehearing Denied May 17, 1920.)

No. 3340.

Evidence ⬥═43(2, 3)—Judicial notice of facts shown by records in same case and on other appeals.

On appeal from a final decree, the court takes judicial notice of the records on an appeal, in the same case and other cases involving the same questions, from orders appointing receivers.

Appeal from the District Court of the United States for the Northern Division of the Southern District of California; Robert S. Bean, Judge.

Suit by the United States against the North American Oil Consolidated and others. From a decree dismissing the suit (242 Fed. 723), the United States appeals. Affirmed.

Henry F. May and Eugene B. Lacy, Sp. Asst. Attys. Gen., and Chas. D. Hamel, Sp. Asst. U. S. Atty., of San Francisco, Cal.

A. L. Weil, Charles S. Wheeler, and John F. Bowie, all of San Francisco, Cal., for appellee North American Oil Consolidated.

J. D. Lederman, of San Francisco, Cal., for appellee Pioneer Midway Oil Co.

Andrews, Toland & Andrews, of Los Angeles, Cal., for appellees Union Oil Co. of California and Producers' Transp. Co.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. The present is an appeal from the final decree of the court below dismissing the suit, which was brought by the government to obtain a decree adjudging that the defendants thereto had no right or interest in a certain section of the then public land of the United States known and described as section 2, township 32 south, of range 23 east of the Mt. Diablo base and meridian, or in any of the oil, gas, or other mineral contained therein, for the appointment of a receiver of the property, for an injunction, and an accounting of the oil that had been extracted from the land.

A receiver having been appointed by the court, the case was brought here by the defendants thereto by appeal from that order, where it was argued and submitted, together with two other cases entitled Consolidated Mutual Oil Co. et al. v. United States, each of them presenting the same questions of law, and each of them resulting in the reversal of the orders appealed from. 245 Fed. 521, 157 C. C. A. 633; 245 Fed. 533, 157 C. C. A. 645. In the brief then filed by the counsel for the government in the North American Oil Consolidated Case (the main defendant and appellee in the present case) it was said:

"The issues presented by this appeal are practically identical with some of the issues presented by the appeals in the two cases, each entitled Consolidated Mutual Oil Company et al. v. United States, Nos. 2787 and 2788, now pending before this court; and in view of the fact that all three of these

⬥═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

appeals are set for hearing on the same date, and that the decision of the court in the cases last mentioned will be decisive upon this appeal, the argument presented in the briefs of appellee in cases Nos. 2787 and 2788 will not be repeated in this brief."

The issues so referred to were issues of fact and of law, and involved two principal questions, to wit: Were the lands involved valid locations thereof under the mineral land laws at the time the President made the withdrawal order of September 27, 1909 (36 Stat. 847 [Comp. Stat. § 4524]), and therefore excluded from such order? and were the rights of the claimants thereto such that they were protected by the subsequent act of Congress of June 25, 1910, known as the Pickett Act (36 Stat. 847)?

The court below, having decided the present case (242 Fed. 723) prior to the decisions of this court first above mentioned, and having concluded that the rights claimed by the defendants and appellees to the lands in question and their contents were protected by the Pickett Act, found it unnecessary to determine or consider whether or not they were affected by the withdrawal order of the President of September 27, 1909.

In view of the facts appearing in the respective records of the cases, of all of which we, of course, take judicial notice, it is useless to consume time and space in reciting the facts and the propositions of law thereby established. Being of the opinion that the above-mentioned decisions of this court, reported in 245 Fed. 521, 157 C. C. A. 633, and 245 Fed. 533, 157 C. C. A. 645, show that the rights of the present appellees were unaffected by the withdrawal order of the President of September 27, 1909, and were also protected by the provisions of the act of Congress of June 25, 1910, known as the Pickett Act.

The decree is affirmed.