## GOLTRA v. INLAND WATERWAYS COR-PORATION.

No. 5048.

Court of Appeals of District of Columbia.

Argued March 3, 1931.

Decided April 6, 1931.

Wm. J. Neale and Frank Davis, Jr., both of Washington, D. C., and Jos. T. Davis, of St. Louis, Mo., for appellant.

Leo A. Rover, Wm. A. Gallagher, and J. Frank Staley, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

Appeal from a judgment holding plaintiff's amended declaration to be bad in substance, and dismissing the case.

Goltra, as plaintiff below, alleged in his amended declaration that on May 28, 1919, he entered into a certain lease contract with the United States wherein the United States, acting by the Chief of Engineers, United States Army, leased to plaintiff 19 barges and 3 towboats among those acquired by the Secretary of War under section 141, title 49, U. S. Code (49 USCA § 141), and which were afterwards transferred to the defendant corporation under the provisions of sections 151–156 of that title; that the lease was for the term of five years, and plaintiff agreed to operate the leased boats and barges as a common carrier upon the Mississippi River and its tributaries during that period, to maintain them in good condition, to pay all operating expenses, to pay over to the Secretary of War the net earnings from such operation until they should equal the cost of the boats and barges plus 4 per cent. per annum interest thereon from the date of delivery; that

within three months prior to the expiration of the lease plaintiff was to have the option of purchasing the boats and barges upon certain terms prescribed in the contract; and that on May 27, 1921, a supplemental contract was entered into by plaintiff and the United States relative to certain unloading facilities, to be governed as far as applicable by the terms and conditions relating to the boats and barges aforesaid; that plaintiff duly entered upon the performance of these contracts and has ever been ready, willing, and able to perform the terms and conditions thereof on his part to be performed, and has expended large sums of money, to wit, the aggregate sum of $211,061.28, in the necessary expenses thereby required, and was fully discharging the obligations imposed upon him by the contracts, when nevertheless the United States acting through the Secretary of War and other officers and agents refused to permit him to continue in the possession and control of the boats and barges aforesaid, but (at a time not specified in the amended declaration) forcibly seized them depriving plaintiff of the possession thereof and preventing him from operating them, and thereupon delivered them to the defendant corporation and the same are now in the possession of defendant and by it controlled and operated in total disregard of plaintiff's rights, to plaintiff's damage in the sum of $10,000,000. Plaintiff alleged furthermore that as a war emergency measure the United States, acting by and through the Secretary of War, created the Inland and Coastwise Waterways Service for the purpose, among others, of transporting commodities on the navigable rivers, canals, and coastwise waterways of the United States by means of boats, barges, tugs, and other transportation facilities, and as part of such service the United States engaged as a common carrier in the transportation of commodities upon the Mississippi River and its tributaries under the name of the Mississippi Warrior Service, which was operated as such by and through the Secretary of War until the creation of the defendant corporation on June 3, 1924; and that, under the direction and mandate of the Congress of the United States, all of such boats, barges, and transportation facilities, including the contractual rights, duties, and liabilities of the United States in the boats, barges, and unloading facilities hereinbefore mentioned, were then transferred by the Secretary of War, acting under sections 151–156, title 49, U. S. Code (49 USCA §§ 151–156), to the defendant corporation subject to the provision that all liabilities of the Secretary of War or the Inland and Coastwise Waterways Service in respect to any contract, lease, or other obligation as to the aforementioned boats, barges, and transportation facilities, including such contracts, leases, and other obligations as those accruing to plaintiff in the contracts hereinabove set out, became the liabilities of the defendant corporation; that no part of plaintiff's damages has ever been paid to him, wherefore he claims a recovery against defendant in the sum of $10,211,061.-28, and costs.

The defendant filed a demurrer to the amended declaration, alleging that it failed to state a cause of action against defendant and was bad in substance. The court sustained the demurrer, and, plaintiff electing to stand upon his pleading, the case was dismissed, and this appeal was taken.

The defendant, the Inland Waterways Corporation, was created by Act of Congress of June 3, 1924 (49 USCA §§ 151–156), for the purpose of carrying on the operations of the government-owned inland canal and coastwise waterways system to the point where the system might be transferred to private operation to the best advantage of the government. The Secretary of War was deemed to be the incorporator, and was authorized to govern and direct the corporation in the exercise of the functions vested in it by law. The corporation was to continue the operation of the transportation and terminal facilities then operated by the Secretary of War. Section 6 of the Act (49 USCA § 156 (a, b, d) provides in part as follows:

"(a) The Secretary of War shall transfer to the corporation all assets transferred to, or acquired, constructed, or operated by, or under the direction of, the Secretary of War, or which revert to the United States, under section 201 of the Transportation Act, 1920, as amended. * * *

"(b) The rights, privileges, and powers, and the duties and liabilities, of the Secretary of War, or the inland and coastwise waterways service, in respect of any contract, loan, lease, account, or other obligation, under section 201 of such Act, or under such joint resolution, shall become the rights, privileges and powers, and the duties and liabilities, respectively, of the corporation. * * *

"(d) The enforcible claims of or against the Secretary of War, or the inland and coastwise waterways service, in respect of the operation, construction, or acquisition of any such transportation facilities, shall become

the claims of or against, and may be enforced by or against, the corporation."

■ The plaintiff relies upon subsections (b) and (d), supra, as authority for the proposition that Congress intended the defendant corporation to assume such liabilities as plaintiff's claim for damages herein sued upon. This position is untenable. The legislative purpose was to substitute the corporation for the Secretary of War in respect to the assets and enforceable liabilities of the waterways transportation business which the Secretary had carried on under section 201 of the Transportation Act of 1920, 41 Stat. 458 (49 USCA § 141). It was not the purpose of the act to provide for the payment of an unliquidated claim for damages arising out of the alleged breach of a contract for the lease of vessels to be operated directly by the lessee. Such a claim cannot be classified as an "enforceable claim" against the Secretary of War in respect to the operation, construction, or acquisition of transportation facilities, nor as an enforceable claim against the United States.

Moreover we are of the opinion that the amended declaration does not set out a valid claim against the United States or any of its officers or agencies. A copy of the lease is filed by plaintiff and made by reference a part of the amended petition. Section 8 thereof reads as follows, to wit: "8. The lessor reserves the right to inspect the plant, fleet and work, at any time to see that all the said terms and conditions of this lease are fulfilled, and that the crews and other employees are promptly paid, monthly or oftener; and non-compliance, in his judgment, with any of the terms or conditions will justify his terminating the lease and returning the plant and said barges and towboats to the lessor, and all moneys in the Treasury or in bank to the credit of the Secretary of War shall be deemed rentals earned by and due to the lessor for the use of said vessels."

■ This identical lease was before the Supreme Court of the United States in Goltra v. Weeks, Secretary of War, 271 U. S. 536, 46 S. Ct. 613, 618, 70 L. Ed. 1074, wherein Goltra sought an injunction to prevent the Secretary of War and other officers from taking possession of the leased towboats and barges against his objection. The court de-

nied the injunction because of the provisions of section 8, supra, and held that: "The right of the lessor to take over the fleet under section 8 of the contract, unless there was fraud in the judgment of termination by the Chief of Engineers, the lessor, of which we have found no evidence, is clear. We think, therefore, the injunction should be dissolved, and the fleet restored to the lessor." See Weeks v. Goltra (C. C. A.) 7 F.(2d) 838; Goltra v. Davis (C. C. A.) 29 F.(2d) 257. It is true the opinion of the Supreme Court in Goltra v. Weeks, above quoted from, is not imported into this record by the amended declaration, nevertheless we are entitled to consider the legal principles stated in that opinion and apply them in the consideration of this case. Bienville W. S. Co. v. Mobile, 186 U. S. 212, 217, 22 S. Ct. 820, 46 L. Ed. 1132; United States v. North America Oil Consolidation (C. C. A.) 264 F. 336.

■ It thus appears that the United States as lessor was entitled to terminate the lease if in its judgment there was such noncompliance with its terms by the lessee as would justify such action. The amended declaration contains no specific reference to this provision but it is reasonably open to the construction that the lessor in fact terminated the lease in the exercise of this authority, and, in view of the language of the Supreme Court in Goltra v. Weeks, supra, we feel justified in placing that construction upon the pleading. It follows accordingly that the amended petition shows that no claim accrued to plaintiff against the United States or any of its officers or agencies because of the termination of the lease. It is true that plaintiff alleges that the lease was unlawfully terminated, but this is a conclusion which is contradicted by the fact that such action was taken under the right reserved by the contract.

In our opinion therefore the allegations of the amended declaration are not sufficient to show that any liability of the United States or the Secretary of War ever arose in favor of Goltra because of the facts therein stated, and, such being the case, no liability of this character was imposed by law upon the defendant corporation.

The demurrer accordingly was rightly sustained, and the judgment of the lower court is affirmed, with costs.